Lillian GREINER, Administrator of the Estate of Elmer Greiner, Deceased, Plaintiff,

v.

GUNNAR A. OLSEN CORPORATION, a Corporation, Defendant.

No. C 74-2021.

United States District Court,
N. D. Iowa, E. D.

Jan. 29, 1976.

George E. Wright, Fort Madison, Iowa, A. F. Craig, Jr., Independence, Iowa, for Lillian Greiner, Adm. Elmer Greiner.

R. Thomas Roe, Jr., James A. Balogh, Minneapolis, Minn., James A. Jackson, Des Moines, Iowa, for Messerli, Admin., Thomas Reginald McGlaun, Dempsey Ray Clark.

Gerard J. Glaza, Cedar Rapids, Iowa, for Janet I. Lane, et al.

William Klotzbach, Craig H. Mosier, Thomas L. Staack, Waterloo, Iowa, for Alvin and Goldie Peters.

Thomas L. Staack, Waterloo, Iowa, for Myron R. Lohman (Mildred).

Don W. Thompson, Sioux City, Iowa, for Shirley Diane Parsons, Admin. of the Estate of Ronald L. Parsons.

Thomas L. Koehler, John D. Randall, Jon M. McCright, Cedar Rapids, Iowa, for Leo and Elaine Halsch.

H. Richard Smith, Paul F. Ahlers, James E. Cooney, Richard G. Santi, Des Moines, Iowa, for Gunnar A. Olsen Corp.

Randy Duncan, Steven K. Scharnberg, Des Moines, Iowa, Robert E. Kuelthau, Milwaukee, Wis., for Clarke, Olsen, Lincoln.

Eldon R. Tanner, pro se.

C. W. Garberson, Patrick M. Roby, Shuttleworth & Ingersoll, Cedar Rapids, Iowa, for Dresser.

Kent M. Forney, Des Moines, Iowa, for RCA.

John E. Beamer, Sp. Asst. Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., Des Moines, Iowa, Raymond R. Stefani, Cedar Rapids, Iowa, for State Educational Radio and Television Facility Bd. and State of Iowa.

Robert C. Tilden, Stephen J. Holtman, Simmons, Perrine, Albright & Ellwood, Cedar Rapids, Iowa, Bruce L. Walker, William M. Tucker, Iowa City, Iowa, for Cedar Rapids Television Co.

ORDER

McMANUS, Chief Judge.

This matter is before the court on fourth party defendants State Education Radio and Television Facility Board and State of Iowa's resisted motion to dismiss, filed December 18, 1975.

Defendants contend the Eleventh Amendment prevents their joinder and that any state consent to be sued in contract does not apply to federal courts, while fourth party plaintiff Cedar Rapids Television Company (KCRG) argues the State of Iowa's specific consent to be sued in contract, *Kersten Co. Inc. v. Department of Social Services*, 207 N.W.2d 117 (Ia.1973), extends to federal courts.

In *Kersten, supra*, the Iowa court clearly and unequivocally waived the state's sovereign immunity in contract actions, saying:

An examination of the responsibilities with which the [D]epartment [of Social Services] is burdened under chapters 217 and 218, The Code, and a review of the purposes of the appropriations as set out above demonstrate to a certainty the de-

partment cannot function without countless day–to–day contractual dealings. Of course, the State expects the other contracting parties to honor these obligations. It can–and does–seek redress when they fail to do so.

Just as certainly *they* expect faithful performance by the State; but they have been left without adequate recourse when these expectations are unfulfilled. We do not consider a request for legislative allowance to be a satisfactory remedy for breach of a contractual duty. We agree with those courts which say the State, by entering into a contract, agrees to be answerable for its breach and waives its immunity from suit to that extent. To hold otherwise, these courts say, is to ascribe bad faith and shoddy dealing to the sovereign. They are unwilling to do so; and we are too.

Among the cases supporting this view are *George and Lynch, Inc. v. State,* [7 Storey 158, 57 Del. 158] 197 A.2d 734, 736 (Del.1964); *Na–Ja Construction Corp. v. Roberts,* 259 F.Supp. 895, 896 (D.C.Del. 1966); . . . .

*Na–Ja, supra,* was an action commenced in federal district court for the district of Delaware in which defendant county government was found to have waived sovereign immunity. The citation of *Na–Ja* would indicate the court's understanding that the new remedy would also be available in federal court.

In any event this court finds persuasive, as did the Eighth Circuit Court of Appeals in *Poitra v. Demarrias,* 502 F.2d 23 (8th Cir. 1974), Judge Haynsworth's wording in *Markham v. City of Newport News,* 292 F.2d 711 (4th Cir. 1961):

In determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction.

\*    \*    \*    \*    \*    \*

However extensive the power of the state to deal with the substantive right, it has no power to defeat the jurisdiction of the federal courts.

\*    \*    \*    \*    \*    \*

[A] court, in determining its own jurisdiction, must look to the constitution and laws of the sovereignty which created it. The laws of a state cannot enlarge or restrict the jurisdiction of the federal courts or those of any other state. It necessarily follows that whenever a state provides a substantive right and a remedy for its enforcement in a judicial proceeding in any state court, a judicial controversy involving the right may be adjudicated by a United States District Court if it has jurisdiction under the Constitution and laws of the United States.

*Great Northern Ins. Co. v. Read,* 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); *Ford Co. v. Dept. of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); and *Kennecott Copper Corp. v. Tax Comm'n,* 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946), are distinguishable since the present controversy does not involve tax litigation. As the Court pointed out in *Kennecott Copper, supra* at 577, 66 S.Ct. at 747:

Upon the question of the consent of Utah to suit against itself in the federal courts for controversies arising under the Federal Constitution, little needs to be added to our discussion in the *Read* and *Ford* cases. These cases declare the rule that clear declaration of a State's consent to suit against itself in the federal court on fiscal claims is required. The reason underlying the rule, which is discussed at length in the *Read* and *Ford* cases, is the right of a State to reserve for its courts the primary consideration and decision of its own tax litigation because of the direct impact of such litigation upon its finances.

It is therefore

ORDERED

Denied.