Ann PRUEITT, Plaintiff,

v.

BOONE COUNTY, IOWA, et al., Defendants.

Civ. No. 84–116–A.

United States District Court,
S.D. Iowa, C.D.

Dec. 12, 1984.

Jaki Samuelson, Whitfield, Musgrave, Selvy, Kelly & Eddy, Bernard Spaeth, Jr., Des Moines, Iowa, for plaintiff.

J.M. Sullivan, Asst. City Atty. for City of Des Moines, Lee H. Gaudineer, Jon Swanson, Des Moines, Iowa, for defendants Boone County and John Ellison.

Matthew W. Williams, Asst. Atty. Gen., Des Moines, Iowa, for defendants Ellis, Ellison and Franklin.

## ORDER OF DISMISSAL

STUART, Chief Judge.

This case presents the question whether a state that has waived its sovereign immunity from suit for breach of contract has thereby waived its Eleventh Amendment immunity from suit in federal court.

Plaintiff was an employee of the Woodward State Hospital-School, (hereinafter, Woodward) located in Boone County, Iowa. She lived with two other Woodward employees in a three-bedroom house in Des Moines. In August, 1983, the house was searched by defendant Ellison, who was the Director of Security for Woodward and a Boone County deputy sheriff. Ellison was accompanied by a Des Moines police officer. Plaintiff alleges that, after the search, Ellison told defendant Franklin, Superintendent of Woodward, and defendant Ellis, an administrative employee of Woodward, that property belonging to Woodward had been found in plaintiff's bedroom. Plaintiff was suspended, and ultimately terminated, from her job at Woodward.

Defendants Boone County and Ellison have filed a third-party complaint against Woodward and the State of Iowa. The third-party plaintiffs allege that Woodward and the State entered into an agreement with Boone County whereby Woodward's Security Director (Ellison) would become a Boone County deputy sheriff. The purpose for this arrangement was to vest in the Security Director the authority to enforce Iowa laws on the Woodward campus. Boone County and Ellison contend that, under the terms of the agreement, Woodward and the State are obligated to indemnify them for any costs they incur as a consequence of plaintiff's lawsuit. Boone County and Ellison have also filed a cross-claim for indemnity against their co-defendant, Franklin, alleging that he was a party to the same agreement. Woodward, the State of Iowa, and Franklin have moved to dismiss the claims for indemnity, asserting that the claims are barred by the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Despite the limited terms of the Eleventh Amendment, it is established that a federal court cannot entertain a suit brought by a citizen against his own state. *Hans v. Louisiana,* 134 U.S. 1 (1890). It is said that "the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a state without consent given...." *Ex parte State of New York No. 1,* 256 U.S. 490, 497, 41 S.Ct. 588, 589, 65 L.Ed. 1057 (1921). The Supreme Court recently made clear that not even the doctrine of pendent jurisdiction affords a means of escape from Eleventh Amendment immunity. *Pennhurst State School and Hospital v. Halderman,* —— U.S. ——, ——, 104 S.Ct. 900, 917–18, 79 L.Ed.2d 67 (1984).

While a state may waive its immunity, consent to suit in federal court must be unequivocally expressed. See, *e.g., Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974).

Frequently, a threshold question is whether a particular suit is in fact a suit against a state. "It is clear, of course, that in the absence of consent a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst, supra,* —— U.S. at ——, 104 S.Ct. at 908–09. When the defendant is a state official, the suit is barred if "the state is the real, substantial party in interest." *Ford Motor Company v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). The general rule is that the state is the real party in interest if " 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' " *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (citations omitted).

With these principles in mind, the Court will consider whether the claims for indemnity against the third-party defendants and

cross-claim defendant are claims against the State without its consent.[1] If so, the claims are barred by the Eleventh Amendment.

Little effort is needed to conclude that the indemnity claims against Woodward, as an agency of the State; against the State itself; and against Franklin, as the supervisor of a state agency, are all claims against the State of Iowa. See *Pennhurst, supra,* — U.S. at ——, 104 S.Ct. at 908–09.

Boone County and Ellison, however, contend that the state has consented to suit. They rely principally on *Kersten Company, Inc. v. Department of Social Services,* 207 N.W.2d 117 (Iowa 1973) and *Greiner v. Gunnar A. Olsen Corp.,* 498 F.Supp. 908 (N.D.Iowa 1976).

In *Kersten,* the Iowa Supreme Court held that "the state, by entering into a contract, waives its defense of governmental immunity and consents to be sued for breach thereof." *Kersten, supra,* at 122. It should be noted that *Kersten* was an action in state court. The Iowa Supreme Court was not asked to decide and did not consider the issue presented here—whether the State in waiving its sovereign immunity thereby waived its Eleventh Amendment immunity.

The precise issue not presented in *Kersten* was squarely confronted in *Greiner, supra.* However, this Court finds itself in disagreement with the conclusion reached in *Greiner.* Because this Court does not lightly differ with its neighboring district, and realizes that the issue is one upon which reasonable minds might differ,

it will carefully set forth the reasons for its disagreement.

In *Greiner,* the defendant state agencies moved to dismiss on the ground that any consent by the State to be sued for breach of contract did not apply in federal court. The Court disagreed, holding that the State's waiver of immunity from suit for breach of contract included a waiver of immunity from suit in federal court. In reaching this conclusion, the court noted that one of the cases cited by the Iowa Supreme Court in *Kersten* was *Na-Ja Construction Corp. v. Roberts,* 259 F.Supp. 895, 896 (D.C.Del.1966). The *Greiner* court found this citation significant:

> *Na-Ja, supra,* was an action commenced in federal district court for the district of Delaware in which defendant county government was found to have waived sovereign immunity. The citation of *Na-Ja* would indicate the court's understanding that the new remedy would also be available in federal court.

*Greiner, supra* at 909.

As noted by the *Greiner* court, the defendant in *Na-Ja* was an entity of county, rather than state, government. County governments are not protected by the Eleventh Amendment. See, *e.g., Moor v. County of Alameda,* 411 U.S. 693, 717–721, 93 S.Ct. 1785, 1799–1801, 36 L.Ed.2d 596 (1973). Recognizing this, the *Na-Ja* court implied that, if the defendant had been an arm of state government, it would *not* have found a waiver of immunity from suit for breach of contract. to include a waiver of immunity from suit in federal court. *Na-Ja, supra,* at 899.[2]

---

1. The Court's consideration of this question is made easier by the absence of any dispute over the state law basis for the indemnity claims. See *Pennhurst, supra,* — U.S. at ——, 104 S.Ct. at 109–11.

2. After concluding that the real defendant was the county, the *Na-Ja* court said:
   > [Defendant] argues that, even though there may be a waiver of immunity insofar as the Delaware State courts are concerned, there has been no waiver extending to suits in the Federal District Court.... In *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 172, 29 S.Ct.

458 [465], 52 L.Ed. 742 (1909), the Supreme Court stated that the fact that a state has consented to be sued in its own courts does not create a right to be sued in a federal court. It is important to note, however, that the court there decided that the lawsuits in question were against the State of South Carolina itself, the state was the real party in interest, and that the suit was, therefore, barred by the language of the Eleventh Amendment. 213 U.S. at 173, 29 S.Ct. 458 [at 465].

*Na-Ja, supra,* at 899.

In any event, this Court does not find in the Iowa Supreme Court's tacit citation to *Na-Ja* the "unequivocal expression" of consent required for a state to waive its Eleventh Amendment immunity. See, *e.g., Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974).

The *Greiner* court, however, did not rest its decision solely on the Iowa Supreme Court's citation to *Na-Ja.* The *Greiner* court indicated that it found persuasive the following wording by Judge Haynsworth in *Markham v. City of Newport News,* 292 F.2d 711, 716 (4th Cir.1961):

From all of these cases it is apparent that a court, in determining its own jurisdiction, must look to the constitution and laws of the sovereignty which created it. The laws of a state cannot enlarge or restrict the jurisdiction of the federal courts or those of any other state. It necessarily follows that whenever a state provides a substantive right and a remedy for its enforcement in a judicial proceeding in any state court, a judicial controversy involving the right may be adjudicated by a United States District Court if it has jurisdiction under the Constitution and laws of the United States.

This language appears to have been taken out of context. The issue in *Markham* was whether a state could prevent resort to federal diversity jurisdiction for enforcement of a right created by the state. The Virginia legislature had enacted a statute providing that no tort action could be brought against a city or other political subdivision of the State except in State court. In effect, this was an attempt to *extend* to local government entities the State's Eleventh Amendment immunity. This is vastly different from the situation in *Greiner,* where the issue was the extent to which the state had voluntarily *limited* its rightful Eleventh Amendment immunity. In essence, *Markham* involved state usurpation of federal judicial power, while *Greiner* involved state relinquishment of immunity. Indeed, in the very sentence immediately following the language quoted in *Greiner,* Judge Haynsworth indicated

that he would disagree with the result subsequently reached in *Greiner:*

A state enjoying the protection of the Eleventh Amendment to the Constitution of the United States, of course, may consent to be sued in her own courts without waiving her immunity to suits in the federal courts, but the Eleventh Amendment does not extend to cities.

*Markham, supra,* at 716.

A failure to draw the distinction, recognized by Judge Haynsworth in *Markham,* between sovereign immunity and Eleventh Amendment immunity would seem to account for the holding in *Greiner.* The distinction was succinctly expressed by the Supreme Court in *Pennhurst State School and Hospital v. Halderman,* —— U.S. ——, ——, 104 S.Ct. 900, 908–09 (1984): "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." In a footnote, the Supreme Court added: "For this reason, the Court consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst, supra,* at 907 n. 9.

This Court must disagree with the decisions in *Greiner* and in *Chicago and Northwestern Transportation Company,* 498 F.Supp. 1 (N.D.Iowa 1978), which reaffirmed *Greiner* in a case involving the exercise of pendent or ancillary jurisdiction. See *Pennhurst State School and Hospital v. Halderman,* —— U.S. ——, ——, 104 S.Ct. 900, 917–19 (1984).

IT IS THEREFORE ORDERED that the motions to dismiss on behalf of Woodward State Hospital-School, the State of Iowa, and Owen Franklin are hereby granted.