18 F.3d 208
 73 A.F.T.R.2d 94-1498, Bankr. L. Rep. P 75,758
 In re TRANS WORLD AIRLINES, INCORPORATED, Debtors.
UNITED STATES of America
v.
TRANS WORLD AIRLINES, INCORPORATED, Thomas E. Ross, Trustee,
The Official Unsecured Creditors' Committee of Trans World
Airlines, Inc., Appellee.
Trans World Airlines, Inc., Appellant.
 No. 93-7721.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 20, 1994.
Decided March 10, 1994.
 
 William H. Sudell, Jr., S. David Peress, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, David S. Kurtz, Richard M. Cieri, Jane A. Rue (argued), Jones, Day, Reavis & Pogue, New York City, for appellant.
 Frank W. Hunger, Asst. Atty. Gen., Richard G. Andrews, U.S. Atty., J. Christopher Kohn, Sandra Spooner, Ruth A. Harvey, Samuel R. Maizel (argued), U.S. Dept. of Justice, Civil Div., Washington, DC, for appellee U.S.
 James E. Spiotto, Barbara C. Klabacha, Jeffrey T. Veber, Chapman and Cutler, Chicago, IL, Laura Davis Jones, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for appellee Official Unsecured Creditors' Committee of Trans World Airlines, Inc.
 Before: SCIRICA, LEWIS, AND GARTH Circuit Judges.
 OPINION OF THE COURT
 GARTH, Circuit Judge.
 
 
 1
 The appellant, Trans World Airlines, Inc. ("TWA"), appeals from the October 19, 1993 order of the district court granting the Government a stay pending appeal of the September 30, 1993 order of Bankruptcy Court Judge Balick.[1] In her September 30, 1993 order, Judge Balick: (1) denied the Government relief from the automatic stay imposed by 11 U.S.C. Sec. 362 to set off an $8.36 million judgment owed to TWA by one federal agency against monies TWA owes to two other federal agencies, and (2) directed the immediate disbursement to TWA of the $8.36 million deposited by the Government in the bankruptcy court's registry account. Because the district court's order staying Judge Balick's September 30, 1993 order pending appeal was itself neither an order granting, dissolving or modifying injunction nor a final order, we lack appellate jurisdiction under either 28 U.S.C. Sec. 1292(a)(1) or 28 U.S.C. Sec. 158(d). We, therefore, dismiss TWA's appeal.
 
 I.
 
 2
 TWA filed a voluntary petition for Chapter 11 reorganization on January 31, 1992, putting into immediate effect the automatic stay of 11 U.S.C. Sec. 362.[2] As of the date of its Chapter 11 filing, TWA owed a total of approximately $20 million to the Internal Revenue Service (IRS) for prepetition income tax and employment tax liabilities and to the Environmental Protection Agency (EPA) for environmental response costs incurred as a result of prepetition releases of hazardous substances at a Superfund site in Kansas. These claims of the IRS and the EPA were not disallowed by the bankruptcy court.
 
 
 3
 At the time of its Chapter 11 filing, TWA was a party to an action brought by several airlines against the General Services Administration (GSA) and the United States of America, challenging the legality of GSA's post-payment audits of airline transportation bills. On August 12, 1992, more than six months after TWA filed its voluntary petition, the District Court for the District of Columbia ruled against the GSA in Alaska Airlines, Inc. v. Austin, 801 F.Supp. 760 (D.D.C.1992), aff'd in relevant part, 8 F.3d 791 (Fed.Cir.1993). The Alaska Airlines court ordered the GSA to return to TWA and the other plaintiff airlines all monies improperly withheld by the GSA because of faulty agency post-payment audits of airline services provided by the airlines to federal employees. 801 F.Supp. at 771. The amount GSA owed to TWA was approximately $8.14 million, plus interest.
 
 
 4
 The Government was unable to obtain a stay pending appeal of the August 12, 1992 order of the Alaska Airlines court. However, the Federal Circuit granted the Government's motion that the GSA deposit the monies it owed TWA into the registry of the bankruptcy court, rather than paying that amount directly to TWA's Trustee. Federal Circuit Judge Rich's April 12, 1993 order to that effect allowed the Government to pursue its setoff defense against TWA by providing that the Alaska Airlines judgment could be distributed to TWA only by order of the bankruptcy court. Pursuant to that order, the GSA deposited $8.36 million into the registry of the Bankruptcy Court for the District of Delaware on May 13, 1993. On that same day, the Government moved before Bankruptcy Court Judge Balick for relief from the automatic stay imposed by 11 U.S.C. Sec. 362, and for an order directing the return to the Government of the $8.36 million in deposited funds as an interagency setoff against the $20 million pre-petition claims of the EPA and the IRS. TWA filed a cross motion seeking payment of the $8.36 million to TWA.[3]
 
 
 5
 On September 30, 1993, Bankruptcy Court Judge Balick denied the Government's motion for an interagency setoff and granted TWA's cross-motion, directing the immediate release of the Alaska Airlines monies to TWA. Judge Balick's order was premised on the theory that there is no mutuality for setoff purposes between the government agencies (IRS and EPA) that are unsecured creditors of TWA's estate and the government agency (GSA) that is a debtor to TWA's estate. As an independent ground for rejecting the Government's motion for setoff, Judge Balick concluded that setoff would be highly inequitable because GSA had wrongfully withheld the $8.36 million from TWA. The Government's timely appeal of Judge Balick's September 30, 1993 order denying its setoff is now pending before the district court.[4]
 
 
 6
 After filing its notice of appeal, the Government moved for an automatic ten-day stay of Judge Balick's order directing the release of the $8.36 million to TWA, pursuant to Bankruptcy Rule 7062, which makes Fed.R.Civ.P. 62(a) applicable in adversary proceedings.[5] At a hearing before Judge Balick on October 6, 1993, the Government also requested an emergency stay pending appeal, either as a matter of right under Rule 62(d) or, alternatively, as a matter of discretion pursuant to Bankruptcy Rule 8005.[6] Characterizing the September 30, 1993 order as a "mandatory injunction," TWA argued that Bankruptcy Rule 7062, and therefore the ten-day stay of Rule 62(a), did not apply to this order. TWA also contended that a discretionary stay pursuant to Bankruptcy Rule 8005 was inappropriate because the Government could not satisfy the requirements for such a stay.
 
 
 7
 Bankruptcy Court Judge Balick agreed with TWA that the Government was not entitled to a discretionary stay under Bankruptcy Rule 8005 because the Government had failed to meet its burden of showing: (1) the likelihood of success on the merits; (2) irreparable harm to the Government; (3) no substantial harm to TWA, and (4) that the public interest weighed against paying the money over to TWA. In a ruling on October 6, 1993, Judge Balick also agreed with TWA's position that the portion of the September 30, 1993 order "directing the clerk to release the funds immediately to TWA" was "a mandatory injunction." [App. at 87.] Judge Balick nonetheless found that Rule 62(a) was applicable. As she explained:
 
 
 8
 [Bankruptcy Rule] 7062(a), which brings into play 62(a) of the Federal Rules of Civil Procedure poses a more difficult question. In effect the Court by virtue of having the motions for relief from stay and a cross motion for the payment of the funds and the necessary orders has what amounts to dual orders and one is a question of preserving the issue of whether the government is entitled to set off and the other is a mandatory injunction directing the clerk of the court to release the funds immediately to TWA, which is in accordance with the original order of the district court for the circuit.
 
 
 9
 I'm going to find that the 7062(a) injunction is in effect for the ten-day period subsequent to the entry of the court's order of September 30.
 
 
 10
 [App. 86-87.] The Government's request for a Rule 62(d) stay as of right pending appeal was never discussed by Judge Balick.
 
 
 11
 The Government then moved in the District Court for the District of Delaware for a Rule 62(d) stay of the September 30, 1993 order of Bankruptcy Court Judge Balick. Alternatively, the Government argued for a discretionary stay pursuant to Bankruptcy Rule 8005. The district court in its opinion and order of October 19, 1993, never reached the question of whether the Government was entitled to a discretionary stay under Bankruptcy Rule 8005. Ruling that the September 30, 1993 order of Judge Balick was a money judgment, and not a mandatory injunction, the district court held that the Government was entitled to a stay as a matter of right under Rule 62(d). The district court thus concluded that a party appealing a money judgment is entitled to an automatic stay pending appeal upon posting a supersedeas bond, and that the United States, pursuant to Rule 62(e), was entitled to a stay as of right without posting a supersedeas bond.[7]
 
 II.
 
 12
 Issues relating to stays pending appeal in bankruptcy cases are governed by Bankruptcy Rules 7062 and 8005. Bankruptcy Rule 7062 provides that Fed.R.Civ.P. 62 is applicable in adversary proceedings, and Bankruptcy Rule 9014 makes Rule 62 applicable to contested matters,[8] such as the Government's motion for relief from the automatic stay and TWA's cross motion for disbursement of funds from the registry account which resulted in the September 30, 1992 order of Bankruptcy Court Judge Balick. Bankruptcy Rule 8005 enables the bankruptcy court and the district court to tailor relief to the unique circumstances of the case, "[n]otwithstanding Rule 7062," by making any "appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest."
 
 
 13
 We are asked in this appeal to determine whether the district court erred in granting the Government a stay pending appeal pursuant to Rule 62(d) without ever considering the discretionary stay provision of Bankruptcy Rule 8005. Specifically, TWA asks us to: (1) reverse the October 19, 1993 order of the district court granting the Government a stay as of right under Rules 62(d) and (e); (2) determine that the Government is not entitled to a discretionary stay under Bankruptcy Rule 8005, and (3) reinstate what TWA continues to characterize as the bankruptcy court's "mandatory injunction" of September 30, 1993, directing immediate disbursement to TWA of the $8.36 million from the registry account.
 
 III.
 
 14
 As discussed above, the Government's appeal of the September 30, 1993 order of Bankruptcy Judge Balick denying it the right to interagency setoff is pending disposition in the district court. The only order before us to be reviewed is the district court's order of October 19, 1993, which granted the Government a stay of the bankruptcy court's disbursement order. Thus, the sole issue before us is whether we have appellate jurisdiction at this posture of the case to consider the merits of TWA's appeal of the October 19, 1993 order of the district court granting the Government a stay pending appeal of Bankruptcy Judge Balick's September 30, 1993 order. United States v. Nicolet, Inc., 857 F.2d 202, 203 (3d Cir.1988). TWA contends we have jurisdiction pursuant to 28 U.S.C. Sec. 1292(a)(1) and 28 U.S.C. 158(d).[9] That position is vigorously disputed by the Government, which argues that neither statute confers this court with appellate jurisdiction, thereby requiring dismissal of this appeal. We agree with the Government.
 
 A.
 
 15
 No basis for jurisdiction exists under Sec. 1292(a)(1) because the stay issued by the district court did not modify or dissolve an injunction. As Bankruptcy Judge Balick herself stated, her September 30, 1993 order constituted, in effect, "dual orders." One portion of the September 30, 1993 order denied the Government's motion for relief from the automatic stay of 11 U.S.C. Sec. 362 to set off the Alaska Airlines judgment in favor of TWA against the monies owed by TWA to the IRS and the EPA. The other portion of the September 30, 1993 order granted TWA's cross motion for immediate disbursement of the $8.36 million held in the registry of the bankruptcy court. Although the bankruptcy court's denial of the Government's motion for relief from the automatic stay of 11 U.S.C. Sec. 362 may have been injunctive in nature,[10] TWA's appeal is concerned only with the Rule 62(d) stay pending appeal granted by the district court as it affects that portion of the September 30, 1993 order directing that the monies in the registry account be "disbursed to TWA forthwith."
 
 
 16
 TWA argues, however, that we have Sec. 1292(a)(1) jurisdiction because the disbursement order of the bankruptcy court was a mandatory injunction in that it gave final effect to the injunctive order of the Alaska Airlines court. We reject this view. The proper analysis was applied by District Court Judge Longobardi in his October 19, 1993 order granting the Government a stay pending appeal:
 
 
 17
 [T]he relief ordered by the District Court in Alaska Airlines Inc. v. Austin, Case No. 90-2879, was injunctive in nature. * * *
 
 
 18
 [T]he Federal Circuit Court's order of April 12, 1993, directing the United States to deposit the monies in the registry of the bankruptcy court, in response to the United States' request, was issued in furtherance of the injunction granted by the District Court. Nevertheless, the Federal Circuit's Order served to modify the District Court's Order by referring the Government's payment to the Bankruptcy Court.
 
 
 19
 Once the money was deposited in the bankruptcy court's registry, however, the bankruptcy judge had sole authority, independent of the District Court's injunction, to order the distribution of the funds.
 
 
 20
 * * * [B]y virtue of the fact that the April 12th [1993] order conferred jurisdiction and control over the distribution of the money to the Bankruptcy Court, any action taken with regard to the distribution of the funds by the bankruptcy judge was discretionary, provided that it was under the Bankruptcy laws. The bankruptcy judge was not bound by the Federal Circuit Court's April 12th order to distribute the funds in any particular way.... Because the Bankruptcy Court was given this considerable latitude in determining how the funds were to be distributed (i.e., the Court was left to determine whether the United States would be permitted to set off debts in accordance with Sec. 553 of the Bankruptcy Code), any such distribution by the Bankruptcy Court was not pursuant to the District Court's injunction, but rather, was an independent order for disbursement. It follows that any such order to disburse the money would not be injunctive in nature.... [T]he Bankruptcy Court's September 30th disbursement Order is best understood as a money judgment.
 
 
 21
 [App. 9-10.]
 
 
 22
 We agree with the district court that the disbursement order was a money judgment. Cf. Hebert v. Exxon Corp., 953 F.2d 936, 938 (5th Cir.1992) (holding that declaratory judgment requiring party to pay a specific sum of money is properly characterized as a money judgment); In re Miranne, 94 B.R. 413, 415 (E.D.La.) (court's judgment is best understood as money judgment for stay purposes when it resolves ultimate issue in dispute of who between appellant and appellee should recover a sum certain of money), aff'd, 861 F.2d 1278 (5th Cir.1988).
 
 
 23
 District Court Judge Longobardi's conclusion finds further support in the record. Nowhere in the September 30, 1993 order of the bankruptcy court do the words "mandatory injunction" or any variation thereof appear.[11] That portion of the September 30, 1993 order relating to the disbursement of the funds to TWA provides:
 
 
 24
 ORDERED that the Debtor's Cross Motion is hereby granted on the grounds that this Court has confirmed TWA's plan of reorganization, and TWA thus should be treated no differently than the other four airlines which have already received the funds ordered to be returned in the Alaska Airlines litigation; and it is further
 
 
 25
 ORDERED that all funds deposited with Wilmington Trust Company pursuant to this Court's order of May 3, 1993, granting the Application to Deposit Funds with the Registry of the Court, including without limitation the funds deposited on or about May 13, 1993, totalling approximately $8.36 million ... and all other funds that are deposited into the Registry of this Court pursuant to the proceedings in the Alaska Airlines case now or in the future, shall be disbursed to TWA forthwith.
 
 
 26
 [App. 30.]
 
 
 27
 Nor are we persuaded by TWA's argument that the September 30, 1993 disbursement order was a mandatory injunction issued by the bankruptcy court against its own clerk. The bankruptcy court had the inherent power to direct disbursement of the monies held in its registry account, as well as all other monies subject to its control. The bankruptcy court in the September 30, 1993 order accordingly directed disbursement of the $8.36 million to TWA. It would be inconceivable to us that, in ordering disbursement of those funds, the bankruptcy court would formally enjoin its own clerk to disburse the monies in its own account, or mandatorily order its clerk to disburse those funds. Even TWA concedes that the notion of the clerk of the bankruptcy court disobeying an order of a bankruptcy court judge seems "unfathomable" and "was not likely to become an issue." (TWA Opening Brief at 25.) Indeed, there is not the slightest suggestion on this record that the clerk of the bankruptcy court was disinclined to surrender the funds held in the bankruptcy registry account, or to comply with any order of the bankruptcy court. As such, we, no more than the district court, could characterize the September 30, 1993 order of the bankruptcy court as a mandatory injunction operative against the clerk of the bankruptcy court.
 
 
 28
 We also disagree with TWA's position that the order of the district court granting the Government a stay pending appeal has the practical effect of an injunction, thereby conferring this court with Sec. 1292(a)(1) jurisdiction. The "common thread" connecting this case with those cases in which this court has found Sec. 1292(a)(1) jurisdiction to be lacking is that the October 19, 1993 order of the district court does not grant or deny the ultimate relief sought by the claimant. See United States v. Santtini, 963 F.2d 585, 591 (3d Cir.1992); Cohen v. Board of Trustees of Univ. of Med. and Dentistry, 867 F.2d 1455, 1464 (3d Cir.1989) (en banc) (listing cases). The district court's order granting the Government a Rule 62(d) stay does not decide the ultimate issue in the litigation between TWA and the Government, i.e., whether the Government has a right of interagency setoff against the Alaska Airlines funds. The Rule 62(d) stay instead merely maintains the status quo pending the district court's resolution of the setoff issue raised by the Government in its appeal of the September 30, 1993 order of the bankruptcy court--a separate appeal which is presently pending in the district court.
 
 
 29
 The district court's order of October 19, 1993, granting a stay pending appeal, does not constitute an order "granting, continuing, modifying, refusing, or dissolving [an] injunction[ ]" within the meaning of Sec. 1292(a)(1). See Santtini, 963 F.2d at 590; Bailey v. Systems Innovation, Inc., 852 F.2d 93, 96 (3d Cir.1988). Because the bankruptcy court's disbursement order is indeed a money judgment, and is not injunctive in nature, we are without Sec. 1292(a)(1) jurisdiction to review the district court's October 19, 1993 order staying the September 30, 1993 disbursement order of the bankruptcy court pending disposition of the Government's appeal.
 
 B.
 
 30
 The only other possible basis for jurisdiction of this appeal is 28 U.S.C. Sec. 158(d). By its express terms, Sec. 158(d) confers jurisdiction on this court to hear only final orders entered by district courts in bankruptcy. Connecticut Nat'l Bank v. Germain, --- U.S. ----, ---- - ----, 112 S.Ct. 1146, 1148-49, 117 L.Ed.2d 391 (1992). This court, however, consistently has recognized that finality must be viewed more pragmatically in bankruptcy appeals under Sec. 158(d) than in other contexts. See, e.g., Nicolet, 857 F.2d at 205; Wheeling-Pittsburgh Steel Corp. v. McCune, 836 F.2d 153, 157 (3d Cir.1987); In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir.1985).
 
 
 31
 TWA contends that this court has Sec. 158(d) jurisdiction because the discrete issues raised by this appeal are "peculiar to bankruptcy," thereby militating in favor of the exercise of this court's jurisdiction and a decision on the merits. See Nicolet, 857 F.2d at 207. As framed by TWA, the issues "peculiar to bankruptcy" are:
 
 
 32
 1) Whether an order denying relief from the automatic stay of the Bankruptcy Code, 11 U.S.C. Sec. 362, can be stayed pending appeal if the creditor satisfies the traditional four-factor test for staying an injunction pending appeal;
 
 
 33
 2) Whether Bankruptcy Rule 8005 endows the lower courts with sufficient discretion to depart from the "stay as of right" concept of Rule 62 of the Federal Rules of Civil Procedure in order to "protect the rights of all parties in interest" during the pendency of an appeal.
 
 
 34
 Because these same issues are likely to arise again, TWA argues that judicial economy favors establishing a controlling precedent in this appeal. We cannot agree.
 
 
 35
 Whether Bankruptcy Rule 7062 (which makes Fed.R.Civ.P. 62 applicable in bankruptcy cases) is trumped by Bankruptcy Rule 8005 (which gives the bankruptcy court discretion to grant a discretionary stay "[n]otwithstanding Rule 7062") is an issue that was neither discussed nor decided by the district court. Nor must we decide that issue at this posture of the case. TWA's fundamental objection is its inability to have immediate access to the Alaska Airlines funds. From TWA's perspective, it is irrelevant whether it is a Rule 62(d) stay of right or a Bankruptcy Rule 8005 discretionary stay which should not be granted, so long as there is no impediment to TWA's full access at this time to the $8.36 million. As TWA states, it is "pursuing this appeal ... to vindicate the right of a debtor under the Bankruptcy Code to have full access to all its resources in its reorganization efforts."
 
 
 36
 Whether the resources sought by TWA in the instant appeal are rightfully TWA's, however, is an issue yet to be decided by the district court. If we were to decide the merits of this appeal, we would be bypassing the district court, which in the first instance must determine whether TWA is entitled to the $8.36 million paid into the registry account by the GSA, or whether the Government can set off that amount against the unsecured claims of other federal agencies. This critical fact distinguishes this case from other cases in which we have relaxed the finality requirement in bankruptcy appeals. Unlike the circumstances, for example, of Nicolet, 857 F.2d 202, and In re Comer, 716 F.2d 168 (3d Cir.1983), the challenged order of the district court does not fully adjudicate a specific adversary proceeding between the parties. To the contrary, the district court's ruling that the bankruptcy court's September 30, 1993 disbursement order was a "money judgment," and not a mandatory injunction, ensured continuation of the controversy, i.e., preserving the issue of whether the Government is entitled to set off the $8.36 million now in the registry account against the claims of the Government agencies.
 
 
 37
 Even under the most relaxed concept of finality, the October 19, 1993 order of the district court granting the Government a Rule 62(d) stay pending appeal cannot be viewed as the equivalent of a final order. Compare In re Amatex Corp., 755 F.2d at 1041 (holding that order denying representation to class of future claimants in bankruptcy proceeding is equivalent to denial of request to intervene, and order denying right to intervene is appealable final order). An order granting a stay pending appeal is usually not appealable. See, e.g., Cheyney State College Faculty v. Hufstedler, 703 F.2d 732, 735 (3d Cir.1983). An exception exists in the bankruptcy context only where an "indefinite stay order unreasonably delays a plaintiff's right to have his case heard." Wheeling-Pittsburgh, 836 F.2d at 158 (citation and internal quotation marks omitted); see also Haberern v. Lehigh & New England Ry. Co., 554 F.2d 581, 584 (3d Cir.1977) (indefinite stay order appealable where delay so prolonged that "in a very practical sense the stay order is a final one").
 
 
 38
 We do not believe that this case is " 'rife with special circumstances which bring it outside the general rule and so limit its precedential value as to not measurably weaken our continued aversion to piecemeal appeals.' " Wheeling-Pittsburgh, 836 F.2d at 158 (quoting Haberern, 554 F.2d at 584). The district court's October 19, 1993 stay order does not unreasonably delay TWA's right to a final decision on the disbursement of the Alaska Airlines funds. The Government's appeal before the district court apparently is moving forward.[12] Indeed, it is possible that the setoff issue will be resolved, either for or against TWA, within days of this opinion. The facts of this appeal thus stand in stark contrast to those of Wheeling-Pittsburgh, where the district court indefinitely stayed all bankruptcy proceedings pending resolution of an issue that had been pending before a state agency for more than seven years and that did not appear close to conclusion, and to the facts of Haberern, an anomalous case involving a stay order of indefinite length singling out one claim for extended delay while others of a similar nature were paid.
 
 
 39
 Until such time as the setoff issue is finally resolved by the district court, we are without jurisdiction to review the claims TWA raises in the instant appeal. We can foresee that once the district court decides the setoff issue, Sec. 158(d) jurisdiction might well vest in this court for one of two reasons: either (1) interagency setoff will be allowed and the monies will effectively be taken by the Government out of the bankruptcy proceeding; or (2) the bankruptcy court order of September 30, 1993, will be affirmed by the district court and the funds will be disbursed to TWA.
 
 
 40
 At this stage of the proceedings, however, we are without Sec. 158(d) jurisdiction. The record simply does not support TWA's claim that the issues raised here are effectively unreviewable on appeal from a final judgment. There is no evidence of record on the "deleterious impact of the October 19 Order on TWA's estate," claimed by TWA to be "substantial and irreparable."[13] Any adverse effect caused by maintaining the status quo can be remedied on appeal from the final order of the district court resolving the setoff issue. See Nicolet, 857 F.2d at 206.
 
 IV.
 
 41
 We, therefore, hold that we lack appellate jurisdiction under either Sec. 1292(a)(1) or Sec. 158(d) to consider TWA's appeal of the October 19, 1993 order of the district court granting the Government a stay pending appeal of the bankruptcy court's September 30, 1993 order. Here, " 'the general congressional policy against piecemeal review preclude[s] interlocutory appeal.' " See United States v. RMI Co., 661 F.2d 279, 281 (3d Cir.1981) (quoting Carson v. American Brands, Inc., 450 U.S. 79, 84, 101 S.Ct. 993, 997, 67 L.Ed.2d 59 (1980)).
 
 
 42
 TWA will bear the costs of this appeal.
 
 
 
 [1]
 The Official Unsecured Creditors' Committee of Trans World Airlines, Inc., did not file a notice of appeal. It is carried as an appellee in the caption to conform to this court's protocol. However, the brief that it filed in this appeal as appellee supported TWA's position
 
 
 [2]
 TWA's proceeding was filed under 11 U.S.C. Sec. 301. The automatic stay provisions of Sec. 362(a) provide in relevant part:
 [A] petition filed under section 301 ... of this title operates as a stay, applicable to all entities, of--
 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title * * *.
 
 
 [3]
 The Bankruptcy Court on August 11, 1993 approved TWA's plan of reorganization. The automatic stay of 11 U.S.C. Sec. 362 remained in effect until the effective date of the TWA's reorganization plan on November 3, 1993, at which time all property of the estate vested in reorganized TWA
 
 
 [4]
 Because the denial of relief from the automatic stay of 11 U.S.C. Sec. 362 was a final order, In re West Electronics Inc., 852 F.2d 79, 82 (3d Cir.1988), it was immediately appealable by the Government
 We express no opinion respecting Judge Balick's ruling as the setoff issue is not before us on appeal.
 
 
 [5]
 Bankruptcy Rule 7062 provides:
 Stay of Proceedings to Enforce a Judgment
 Rule 62 F.R.Civ.P. applies in adversary proceedings except that an order granting relief from an automatic stay provided by Sec. 362, Sec. 922, or Sec. 1301 of the Code, an order authorizing or prohibiting the use of cash collateral or property of the estate under Sec. 363, and an order authorizing the trustee to obtain credit pursuant to Sec. 364 shall be additional exceptions to Rule 62(a).
 Rule 62(a) in relevant part provides:
 (a) Automatic Stay; Exceptions--Injunctions, Receiverships, and Patent Accountings. Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction ... shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal.
 
 
 [6]
 Rule 62(d) in pertinent part provides:
 When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule.... The stay is effective when the supersedeas bond is approved by the court.
 Rule 62(e) excepts the Government from having to furnish a supersedeas bond. See, infra, note 7.
 Bankruptcy Rule 8005, by its terms, provides the bankruptcy court with substantially broader discretion than afforded a court by Rule 62. Bankruptcy Rule 8005 in pertinent part provides:
 A motion for a stay of the judgment, order, or decree of a bankruptcy court, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance in the bankruptcy court. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy court may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by the bankruptcy court, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy court. The district court ... may condition the relief it grants under this rule on the filing of a bond ... but when an appeal is taken by the United States ... a bond or other security shall not be required.
 
 
 [7]
 Rule 62(e) provides:
 Stay in Favor of the United States or Agency Thereof. When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant.
 
 
 [8]
 Bankruptcy Rule 9014 provides in pertinent part:
 Contested Matters
 In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion ... and, unless the court otherwise directs, the following rules shall apply: ... 7062. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. * * *
 
 
 [9]
 28 U.S.C. Sec. 1292(a)(1) provides that the courts of appeal may exercise jurisdiction over "[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions, except where a direct review may be had in the Supreme Court." 28 U.S.C. Sec. 1292(a)(1)
 Pursuant to 28 U.S.C. Sec. 158(d), the courts of appeal have jurisdiction over appeals from "all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section." Id. Subsection (a) gives the district courts authority to hear appeals from final and interlocutory orders of the bankruptcy courts. Id. Sec. 158(a). Subsection (b), which permits the judicial council of any circuit to establish a bankruptcy appellate panel, is not applicable here. Id. Sec. 158(b).
 
 
 [10]
 The denial of relief from the automatic stay of 11 U.S.C. Sec. 362 is considered the equivalent of a permanent injunction. In re Comer, 716 F.2d 168, 173 (3d Cir.1983); In re Taddeo, 685 F.2d 24, 26 n. 4 (2d Cir.1982); Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1309 (11th Cir.1982)
 
 
 [11]
 We recognize that in its subsequent ruling on October 6, 1993, denying the Government a stay pending appeal, the bankruptcy court employed the term "mandatory injunction." [App. 87.] The record, however, discloses no order issued by the bankruptcy court which provides that the action taken by it constitutes a mandatory injunction
 
 
 [12]
 We note that TWA has not sought expedited review by the district court of the Government's appeal of the September 30, 1993 order of the bankruptcy court, although TWA has obtained expedited review of the instant appeal. This suggests to us that TWA's motivation in pursuing this appeal is not primarily for the purpose of having us resolve issues "peculiar to bankruptcy," but rather is intended to obtain an effective judgment in its favor on disbursement of the Alaska Airlines fund before the district court decides the interagency setoff issue raised in the Government's pending appeal
 
 
 [13]
 We note that Bankruptcy Court Judge Balick, following extensive hearings, determined that TWA was able "to remain a reorganized debtor and compete in the airline industry." Since TWA's reorganization plan never considered the Alaska Airlines funds, it is difficult to see how withholding TWA's immediate access to those funds constitutes "irreparable harm," as TWA asserts. Indeed, TWA itself proclaims itself to be "a viable airline capable of meeting its obligations as they fall due." Judge Balick's finding that TWA would suffer substantial harm if not given immediate access to the $8.36 million amounts does not dictate a contrary result. Her finding amounts to a conclusory statement:
 There would be harm to TWA and it would be substantial. While I've found that it is feasible at the confirmation hearing that TWA will remain a flying airline, the funds that are presently held would aid in its business plan and would eliminate the necessity of TWA going into the market and borrowing any funds for capital improvements.
 That TWA may have to borrow funds for capital improvements hardly constitutes the type of irreparable harm that would require this court, at this stage of the proceedings, to address the propriety of withholding the funds against which the Government has asserted a right of setoff--the very issue still undecided and now before the district court.