**FDIC, as Manager of FSLIC Resolution Fund and Successor to the Resolution Trust Corporation, Plaintiff,**

v.

**Tom B. SCOTT, Jr., Defendant.**

**Civil Action No. 3:94–cvv159BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 12, 1996.

Jack F. Dunbar, John H. Dunbar, Holcomb Dunbar, Oxford, MS, for Tom B. Scott, Jr., defendant.

Tylvester O. Goss, Davis, Goss & Williams, Jackson, MS, Lori Williams Holland, Jackson, MS, Larry H. Montgomery, McDonnell–Dyer, Memphis, TN, Walter M. Jones, Wyatt, Tarrant & Combs, Louisville, KY, Thomas R. Dyer, Robert E. Craddock, Jr., Wyatt, Tarrant & Combs, Memphis, TN, for Federal Deposit Insurance Corporation.

## ORDER

BARBOUR, Chief Judge.

This cause is before the Court on the following motions: (1) Motion to Enforce Judgment, or in the Alternative, to Provide Security filed by Tom B. Scott, Jr. ("Scott"); (2) Motion for Stay of Execution filed by the Federal Deposit Insurance Corporation ("FDIC"); and (3) Motion for Protective Order filed by the FDIC. Having considered the Motions, Responses, Replies, all attachments to each, and supporting and opposing memoranda, the Court finds that (1) the Motion to Enforce Judgment, or in the Alternative, to Provide Security is not well taken and should be denied; (2) the Motion for Stay of Execution is well taken and should be granted; and (3) the Motion for Protective Order is well taken and should be granted.

A Final Judgment was entered in this matter on August 7, 1996, in favor of Scott in the amount of $408,202.86, which includes $291,501.75 in attorneys' fees and $116,701.11 in reasonable and necessary expenses, plus interest thereon at the rate of 5.81% per annum from the date of judgment until paid in full. Scott has filed a Motion to Enforce Judgment seeking to collect the amount of the Final Judgment entered in his favor. In the alternative, Scott requests that the FDIC be required to post a supersedeas bond to protect the amount of his judgment pending the appeal of this matter. The FDIC has responded that, as an agency of the United States of America, it is not required to post a supersedeas bond pending appeal. The FDIC has also moved for a stay of the judgment pending appeal and for a protective order to prevent any discovery directed toward enforcement of the judgment pending the outcome of the appeal.

The FDIC has cited various statutory provisions in support of the proposition that it has the right to appeal without posting bond and that assets held by it, in this case in the form of the FSLIC Resolution Fund, are also protected while an appeal is pending. Scott asserts that because the FSLIC Resolution Fund is subject to depletion, he may not be able to collect all or at least part of his judgment, even if the decision of this Court is upheld on appeal.

Rule 62(d) of the Federal Rules of Civil Procedure provides that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule." Subsection (e) of Rule 62, which must be read in conjunction with subsection (d), provides as follows:

> When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant.

Fed.R.Civ.P. 62(e). Scott argues that this rule, and the provisions of 12 U.S.C.

**990**

§§ 1821,[1] 1823 and 1825 should not apply to the FDIC because it is no longer acting as a conservator or receiver for the failed bank. Rather, the FDIC is now acting as the successor to the Resolution Trust Corporation, in its Corporate Capacity, as manager of the FSLIC Resolution Fund.

The Court finds that the FDIC is entitled to a stay of the judgment of this Court pending appeal, and that the FDIC should not be required to post a supersedeas bond. Even though the FDIC did not request such a stay until Scott sought to enforce the judgment, Rule 62(d) does not contain any time limitation for moving to stay a judgment pending appeal. Therefore, the FDIC is entitled to a stay.

■ The Court further finds that the FDIC should not be required to post a supersedeas bond in order to obtain a stay pending appeal. Neither party has cited to the statutory provisions governing the authority of the FDIC. 12 U.S.C. § 1819(b)(1) is dispositive on this issue:

> The Corporation,[2] *in any capacity,* shall be an agency of the United States for purposes of section 1345 of Title 28, without regard to whether the Corporation commenced the action.

*Id.* (emphasis added). 28 U.S.C. § 1345 states that the "district courts shall have original jurisdiction of all civil actions ... commenced by the United States, or by any agency or officer thereof...." Reading these statutes in conjunction with Rule 62(e), it is clear that the FDIC, as an agency of the United States, is not required to post a supersedeas bond pending the appeal of this matter.

The Court further finds that the FDIC is entitled to a protective order regarding any discovery of information related to enforcement of the judgment. Such discovery would be wasted if the United States Court of Appeals for the Fifth Circuit does not affirm the judgment of this Court. If that judgment is affirmed, the discovery may proceed at that time.

IT IS THEREFORE ORDERED that Motion to Enforce Judgment, or in the Alternative, to Provide Security [195] filed by Tom B. Scott, Jr. should be and hereby is denied.

IT IS FURTHER ORDERED that the Motion for Stay of Execution [198] filed by the Federal Deposit Insurance Corporation should be and hereby is granted.

IT IS FURTHER ORDERED that the Motion for Protective Order [203] filed by the Federal Deposit Insurance Corporation should be and hereby is granted.

---

1. The FDIC especially relies upon 12 U.S.C. §§ 1821(d)(13)(B) and (C) which provide as follows:

> **(B) Rights and remedies of conservator or receiver**
> In the event of any appealable judgment, the Corporation as conservator or receiver shall—
> (i) have all the rights and remedies available to the insured depository institution (before the appointment of such conservator or receiver) and the Corporation in its corporate capacity, including removal to Federal court and all appellate rights; and
> (ii) not be required to post any bond in order to pursue such remedies.
> **(C) No attachment or execution**
> No attachment or execution may issue by any court upon assets in the possession of the receiver.

2. 12 U.S.C. § 1811 creates the Federal Deposit Insurance Corporation, which is referred to throughout the statute as "the Corporation."