In re Gary Lee PANSIER, Debtor.

Gary Lee PANSIER, Plaintiff,

v.

STATE OF WISCONSIN DEPARTMENT
OF REVENUE and Internal
Revenue Service.

Bankruptcy No. 90–00906.
Adversary No. 90–0173.

United States Bankruptcy Court,
E.D. Wisconsin.

Aug. 26, 1997.

Gary L. Pansier, Crivitz, WI, pro se.

Mary E. Bielefeld, Trial Attorney, Tax Division, Washington, DC, for Defendant.

## OPINION

JAMES E. SHAPIRO, Chief Judge.

Gary Lee Pansier, the above-named debtor and plaintiff in this adversary proceeding ("Pansier"), asks this court to find the defendant Internal Revenue Service ("IRS") in contempt for its failure to comply with this court's April 24, 1997 order directing the IRS to return to Pansier the sum of $2,218.86, together with $111.60 compensatory damages. That order is now on appeal. In

response, the IRS asserts that Pansier's contempt motion should be denied for the following two reasons:

1. Sovereign immunity; and

2. Pursuant to F.R. Civ. P. 62, it is not necessary to obtain any stay pending appeal. Alternatively, the IRS argues that if a stay is required, it now moves for such a stay.

## JURISDICTION

■ Initially, this court considers whether, in light of the pending appeal of its order, it has jurisdiction to address Pansier's motion. The filing of a notice of appeal confers jurisdiction on the appellate tribunal and divests the lower court of jurisdiction over those aspects of the case involved in the appeal. *Matter of Statistical Tabulating Corp., Inc.,* 60 F.3d 1286, 1289 (7th Cir.1995). It is well settled that while an appeal is pending, the lower court still retains jurisdiction to implement or enforce its order pending such appeal, unless a stay has been granted. *Farmer's State Bank v. Miner (Matter of Monson),* 87 B.R. 577, 586 (Bankr.W.D.Mo.1988). The district court in *In re Prudential Lines, Inc.,* 170 B.R. 222, 243 (S.D.N.Y.1994) declared:

> Courts have accordingly recognized a distinction in the divestment of jurisdiction between acts undertaken to enforce the judgment and acts which expand upon or alter it; the former being permissible and the latter prohibited.

This court concludes that it has jurisdiction to address Pansier's motion for contempt, notwithstanding the pending appeal. By so doing, it is not expanding upon or altering its April 24, 1997 order. Rather, it is only enforcing it. *See also Hagel v. Drummond (In re Hagel),* 184 B.R. 793, 798 (9th Cir. BAP 1995).

## SUBSTITUTION OF PARTIES

■ A further preliminary issue raised by Pansier is whether the United States' response to his contempt motion is an improper "substitution of parties." There is no substitution of parties involved here. Bankruptcy litigation involving the IRS and processed by the United States on its behalf is commonplace. *See, e.g., Price v. United States,* 42 F.3d 1068 (7th Cir.1994); *United States v. Nordic Village Inc.,* 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). The IRS is clearly a governmental unit of the United States as defined in 11 U.S.C. § 101(27), which defines a "governmental unit" as "United States—department, agency, or instrumentality of the United States." This definition is to be afforded a broad interpretation. It is also beyond any dispute that the IRS is a federal agency of the United States. *Gibson v. United States (In re Gibson),* 176 B.R. 910 (Bankr.D.Ore.1994); *Doe v. United States,* 58 F.3d 494 (9th Cir.1995). Pansier's objection in this regard is hypertechnical and is rejected.

## SOVEREIGN IMMUNITY

■ The court rejects the IRS' argument that it is protected under the doctrine of sovereign immunity. Pursuant to 11 U.S.C. § 106(a)(3) (as amended by § 113 of The Bankruptcy Reform Act of 1994), sovereign immunity has been abrogated as to governmental units with respect to monetary relief (except for an award of punitive damages). *Hardy v. United States (In re Hardy),* 97 F.3d 1384, 1388 (11th Cir.1996). The amendment made by § 113 is retroactive and therefore applicable to cases, including the case at bar, commenced before the enactment of The Bankruptcy Reform Act of 1994 on October 22, 1994.

## EFFECT OF F.R. CIV. P. 62 [1]

■ Rule 7062 of Federal Rules of Bankruptcy Procedure states that Rule 62 F.R.

---

1. Federal Rules of Civil Procedure Rule 62 provides in part as follows:

(a) **Automatic Stay; Exceptions–Injunctions, Receiverships, and Patent Accountings.** Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court,

an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) of this rule govern the suspending, modifying, re-

Civ. P. applies in adversary proceedings. This rule is very difficult to interpret and has been the subject of differing interpretations. *In re Westwood Plaza Apartments Ltd.,* 150 B.R. 163 (Bankr.E.D.Texas 1993), holds that the granting of stay pending appeal, whether to the Government or to non-governmental parties, is never automatic. The opposing view is that of *United States v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.),* 18 F.3d 208 (3d Cir.1994). *TWA* declared that the Government, upon appealing a money judgment is entitled to a stay pending appeal as a matter of right. *TWA* interprets Rule 62(e) as meaning that where the Government is involved in injunction cases, receivership cases, or in patent infringement cases in which an accounting has been ordered (the so-called exceptions to subdivision (a) of Rule 62), the granting of a stay to it is discretionary, as it is to non-governmental parties who seek such a stay. However, in all other cases, including money judgments or its equivalent, a stay is mandatory to non-governmental parties, provided an appropriate supersedeas bond is approved by the court. In the case of the Government, however, because Rule 62(e) specifically exempts the Government from the requirement of obtaining such a bond or other security, the granting of a stay to the Government in cases involving money judgments or its equivalent is mandatory. Thus, under this interpretation, *TWA* reads subsections (d)

and (e) of Rule 62 in conjunction with each other.

Only a handful of cases have addressed this issue. However, dicta in the 7th circuit supports the *TWA* interpretation. *Lightfoot v. Walker,* 797 F.2d 505, 507 (7th Cir.1986), asserts:

> Judgments against the United States, for example, are paid out of a general appropriation (The "Judgments Fund," as it is called) to the Treasury. This makes Rule 62(e), which entitles the federal government (and its departments, agencies and officers) to a stay of execution pending appeal without its having to post a bond or other security, appropriate.

(Citations omitted.) The key word in the above quote is "entitles" which suggests that the IRS is entitled to a stay as a matter of right in cases involving money judgments or its equivalent. "Entitle," as defined in *Black's Law Dictionary* (6th ed.1990), means "to give a right." *See also In re Rape,* 100 B.R. 288 (W.D.N.C.1989) and *Hoban v. Washington Metropolitan Area Transit Authority,* 841 F.2d 1157, 1158 (D.C.Cir.1988), which also support the TWA interpretation of Rule 62(e).

### CONCLUSION

■ This court finds that the subject matter of the appeal is akin to a money judg-

---

storing, or granting of an injunction during the pendency of an appeal.

(b) **Stay on Motion for New Trial or for Judgment.** In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to Rule 60, or of a motion for judgment in accordance with a motion for a directed verdict made pursuant to Rule 50, or of a motion for amendment to the findings or for additional findings made pursuant to Rule 52(b).

(c) **Injunction Pending Appeal.** When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. If the judgment appealed from is rendered by the dis-

trict court of three judges specially constituted pursuant to a statute of the United States, no such order shall be made except (1) by such court sitting in open court or (2) by the assent of all the judges of such court evidenced by their signatures to the order.

(d) **Stay Upon Appeal.** When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

(e) **Stay in Favor of the United States or Agency Thereof.** When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant.

ment. As such, it does not fall within the exceptions contained within Rule 62(a) F.R. Civ. P. This means that, in this case, by virtue of Rule 62(d) and (e), Fed.R.Civ.P., the IRS is entitled, as a matter of right, to a stay pending its appeal. Upon the filing of IRS of its motion for stay, an order must be granted by this court. The fact that IRS' motion for a stay pending appeal was not made until after Pansier filed his motion for contempt is not fatal. That is precisely what happened in *FDIC v. Scott,* 945 F.Supp. 988 (S.D.Miss. 1996), where a creditor sought enforcement of a judgment against FDIC following FDIC's pending appeal. In that case, the court found that FDIC was entitled to a stay. Although FDIC had not requested a stay until after the creditor sought enforcement of its judgment, the court concluded that Rule 62(d) did not contain any time limitation for doing so.

In view of the foregoing, Pansier's motion for a finding of contempt against the IRS is denied.

A separate order shall issue.