**HBE LEASING CORPORATION, Plaintiff,**

v.

**NORTHEASTERN PENNSYLVANIA HEALTH CORPORATION, t/d/b/a Hazleton General Hospital, Defendant and Third Party Plaintiff,**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE, Third Party Defendant.**

Civ. No. 87–0950.

United States District Court, M.D. Pennsylvania.

Feb. 11, 1988.

Anthony Stefanon, Stefanon & Lappas, Harrisburg, for plaintiff.

Daniel M. Mulholland, III, Paul A. Verardi, Horty, Springer & Mattern, P.C., Pittsburgh, Pa., Lawrence Klemow, Hazelton, Pa., Joseph Sabadish, Atty. Gen. Office, Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

Presently before this Court is a motion to dismiss filed by the Commonwealth of Pennsylvania in the above-captioned matter. A brief in opposition was filed by the Defendant/Third Party Plaintiff, Northeastern Pennsylvania Health Corporation, and a reply brief was also received from the Commonwealth. For the reasons stated below, we shall grant the Commonwealth's motion to dismiss based on its

Eleventh Amendment right to sovereign immunity.

## FACTS

On or about November, 1982, the Commonwealth of Pennsylvania entered into a written agreement with HBE Leasing Corporation (HBE) to lease certain diagnostic medical equipment known as an Elscint Computerized Tomograph (CT Scanner) for 60 months at a rental rate of $17,951.00 a month. At the time the lease was executed, Hazleton State General Hospital was owned and operated by the Commonwealth through its Department of Public Welfare. In July 1986, the General Assembly of the Commonwealth approved and the Governor signed the Divestiture Statute, which authorized transfer of the ownership, operation, and management of Hazleton State General Hospital to Northeastern Pennsylvania Health Corporation (NPHC). On September 26, 1986, a Disposition Agreement was executed by several Commonwealth agencies and NPHC, formally turning over the operations of the hospital to NPHC. Thereafter, said hospital was operated by NPHC under the name "Hazleton General Hospital".

NPHC continued to make monthly payments to HBE in accordance with the lease until February 10, 1987. NPHC has refused to make any further payments under the lease despite HBE's demand for payment. Northeastern contends that pursuant to the terms of the Deposition Agreement and the Divestiture Statute, the Pennsylvania Department of Public Welfare is legally responsible for making the lease payments.

## DISCUSSION

■ In response to NPHC's third party complaint, the Commonwealth of Pennsylvania asserts its right to sovereign immunity under the Eleventh Amendment to the United States Constitution. That amendment provides, in relevant part:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It applies only to bar a suit against the state in federal court. Whether a state may be sued in its own state courts is a matter of its own state law. *Skehan v. Board of Trustees of Bloomsburg State College, et al.,* 669 F.2d 142, 147 (3d Cir. 1982). Though this amendment is not literally applicable to a suit against a state by its own citizens, an unconsenting state is immune from suits brought in federal courts by its own citizens, as well as by citizens of another state. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Employees v. Department of Public Health and Welfare of Missouri, et al.,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1983). The Commonwealth argues that it has not waived sovereign immunity and therefore dismissal is in order on jurisdictional grounds.

■ The Third Circuit recently held that Eleventh Amendment immunity "can be avoided in only two ways: (a) Congress can *abrogate* it by providing through statute for suits against states, or (b) states can *waive* their sovereign immunity and consent to be sued." (emphasis in original) *U.S. v. Union Gas Company,* 832 F.2d 1343, 1346 (3d Cir. November 3, 1987) citing *Unites States v. Union Gas Company,* (Union I) 792 F.2d 372, 376 (3d Cir.1986). Whether it is by congressional action or, as in this case, by the individual state's endeavor, any waiver of Eleventh Amendment immunity must be clear and explicit. *Edelman v. Jordan,* 415 U.S. 651, 671–74, 94 S.Ct. 1347, 1359–61, 39 L.Ed.2d 662 (1974) (no waiver by mere participation in federal welfare programs); *Murray v. Wilson Distilling Company,* 213 U.S. 151, 29 S.Ct. 458, 53 L.Ed. 742 (1909) (waiver must be expressed or by overwhelming implication in state statute); *See also, Muth v. Central Bucks School District, et al.,* 839 F.2d 113, 128 (3d Cir. 1988).

It is the Third Party Plaintiff's contention that based on the Disposition Agreement and the Diversity Statute, the Pennsylvania Department of Public Welfare has

waived the state's sovereign immunity by indemnifying NPHC for claims, liabilities, or obligations incurred prior to September 26, 1986.

After reviewing the provisions of the statute and agreement upon which the Third Party Plaintiff builds their case, we cannot agree that a clear and explicit waiver from suit in a *federal* court has been presented. To the contrary, Plaintiff, on the face of their brief, recognizes that "the state has *impliedly* consented to a third party action by the indemnified party seeking to enforce the indemnification agreement...." Plaintiff's Brief in Opposition, Docket Item Number 14 at 7. Such a description, used by the Third Party Plaintiff's counsel, surely does not evidence the clear and explicit waiver required by developed case law. *See Edelman*, supra, 415 U.S. at 673, 94 S.Ct. at 1360; *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).

Plaintiff cites the case of *Chicago & Northwestern Transportation Co. v. Hurst Excavating, Inc.*, 498 F.Supp. 1 (N.D.Iowa 1978), for the proposition that at least one federal court has held thtt an indemnification agreement constituted a waiver of a state's Eleventh Amendment immunity. A closer examination of that case, however, shows that it has been cited only once by another court which questioned the soundness of the *Hurst* decision. *Prueitt v. Boone County, Iowa, et al.*, 599 F.Supp. 278, 281 (S.D.Iowa, 1984).

 In the *Pruitt* case, the court found that a state's waiver of its sovereign immunity from suit for breach of contract did not constitute a waiver of its Eleventh Amendment immunity from suit in *federal* court. The court questioned the *Hurst* decision and applied what we feel is the more appropriate legal standard in light of *Edelman* [supra] and its progeny. *See Skehan v. Board of Trustees of Bloomsburg State College, et al.*, 669 F.2d 142, 148 (3rd Cir. 1982); *Skrbina v. Pennsylvania Department of Highway*, 468 F.Supp. 215, 218

(W.D.Pa.1979). Such a conclusion is in line with Defendant's contention that "the mere existence of an indemnification agreement does not give Northeastern the right to seek enforcement of that agreement in federal court." Defendant's Reply Brief, Docket Item # 17 at 3.

It is clear to this court that the terms and conditions of the Divestiture Statute and Dispositive Agreement are grounds for waiver of the Commonwealth's sovereign immunity in *state* court, but they in no way implicate its right to immunity in *federal* court. We are unpersuaded by the Third Party Plaintiff's argument that the dismissal from this case of the Commonwealth will leave them without recourse. The pending suit before the Pennsylvania Board of Claims should resolve the issues involving the Commonwealth's obligations concerning the disputed lease.[1] Therefore, we shall grant the Third Party Defendant's motion to dismiss and, accordingly, an appropriate Order is attached.

### ORDER

NOW, this 11th day of February, 1988, IT IS HEREBY ORDERED THAT:

1. Third Party Defendant's motion to dismiss based on the Commonwealth's right to sovereign immunity is hereby granted.

---

1. It is the NPHC's contention that the pending action before the Commonwealth's Board of Claims will only address the issues arising under the Dispositive Agreement. Whether the

Commonwealth provides a remedy or not, the alleged lack of remedial state measures does not give us the jurisdictional authority to abrogate the Eleventh Amendment immunity provision.