In re ROCCHIO AND SONS, INC., Debtor.

ROCCHIO AND SONS, INC., Plaintiff,

v.

STATE OF RHODE ISLAND, DE-PARTMENT OF TRANSPOR-TATION, Defendant.

Bankruptcy No. 93–12999.
Adv. No. 93–1196.

United States Bankruptcy Court, D. Rhode Island.

March 21, 1994.

ordered, pursuant to 11 U.S.C. § 542, to turn over funds owed to the Debtor under certain construction contracts. The State has filed a Motion to Dismiss, on the ground of sovereign immunity, arguing that the relief sought in this action is barred by the Eleventh Amendment to the United States Constitution.

## TRAVEL

The last day for filing objections to the State's Motion was January 27, 1994, and under Local Rule 10, we could have granted the relief requested because the motion was unopposed as of that date. On January 31, 1994, the Debtor filed a two-line objection, without an accompanying memorandum of law, stating a memorandum would be forthcoming in seven days. We received Debtor's memorandum in support of its objection on February 4, 1994, and while untimely, we will consider the merits of the objection in this instance because a discussion of the issue here, while not completely novel, *may* be of some value to the Bar.[1]

## DISCUSSION

A state may not be sued, absent a waiver of its sovereign immunity, and any such waiver must be unequivocally expressed. *See Hoffman v. Connecticut Dept. of Income Maintenance,* 492 U.S. 96, 101, 109 S.Ct. 2818, 2822, 106 L.Ed.2d 76 (1989); *WJM, Inc. v. Massachusetts Dept. of Public Welfare,* 840 F.2d 996, 1002 (1st Cir.1988). The Bankruptcy Code 11 U.S.C. § 106 entitled "Waiver of sovereign immunity," provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

Sheldon Scoliard, Halpert & Scoliard, Providence, RI, for debtor/plaintiff.

Terence J. Tierney, Sp. Asst. Atty. Gen., Providence, RI, for State of RI, Dept. of Transp.

Maury A. Ryan, Providence, RI, for Narragansett Improvement Co.

Michael P. Duffy, Peabody & Arnold, Providence, RI, for St. Paul Mercury Ins. Co. and St. Paul Fire & Marine Ins. Co.

## ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

The Debtor filed this adversary proceeding against the Rhode Island Department of Transportation requesting that the State be

---

1. The Debtor's attorney should understand that in the future this Court will not tolerate or permit the unilateral enlargement of time.

88

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C. § 106. In the instant case, the Department of Transportation has not filed a proof of claim, and thus, any waiver of its sovereign immunity would have to arise under § 106(c). *See Hoffman*, 492 U.S. at 101, 109 S.Ct. at 2822; 2 *Collier on Bankruptcy* ¶¶ 106.02–106.03 (15th ed. 1993). The Supreme Court in *Hoffman* addressed the scope of § 106(c) waiver and held in the plurality opinion that the statute does not authorize monetary recovery from the states. *Id.* at 102, 109 S.Ct. at 2823. The Court stated, "Under this construction of § 106(c), a State that files no proof of claim would be bound, like other creditors, by discharge of debts in bankruptcy, including unpaid taxes ... but would not be subject to monetary recovery." *Id.* (citations omitted). The Debtor argues that we should re-examine whether *Hoffman* is controlling here, as a plurality of the *Hoffman* Court could not agree as to why § 106(c) does not create a waiver of sovereign immunity with regard to monetary claims. We feel bound by the decision, however, because 5 Justices clearly agreed that § 106(c) prohibits monetary recovery against the State. *Hoffman*, 492 U.S. at 102, 109 S.Ct. at 2823.

■ While it is not really clear from its memorandum, the Debtor also appears to be arguing that because other departments or agencies of the State have filed claims against the Debtor—namely the Division of Taxation and the Department of Employment Training, that the filing of said claims constitutes a waiver vis-a-vis the Department of Transportation. Without deciding whether claims filed by other units of the state equate to a claim filed by the Department of Transportation, § 106(a) contains the additional requirement that the Debtor's claim "arose out of the same transaction or occurrence out of which such governmental unit's claim arose." 11 U.S.C. § 106(a). We would be hard pressed to find that a claim based on a mutual, contractual relationship between the Debtor and the DOT arises out of the "same transaction or occurrence" as tax claims by state taxing authorities. *See WJM, Inc. v. Massachusetts Dept. of Public*

*Welfare*, 840 F.2d at 1003–04. Accordingly, the Debtor's Objection is overruled and the Department of Transportation's Motion to Dismiss is GRANTED.

Enter Judgment consistent with this order.