In re Ronald C. GIBSON, Debtor.

Ronald C. GIBSON, Plaintiff,

v.

UNITED STATES of America; Internal Revenue Service; Environmental Protection Agency; Department of Housing and Urban Development, Defendants.

Bankruptcy No. 691–64555–psh13.
Adv. No. 93–6250–psh.

United States Bankruptcy Court, D. Oregon.

Oct. 5, 1994.

William P. Koontz, Cottage Grove, OR, for plaintiff/debtor.

Susan Henderson, U.S. Dept. of Justice, Washington, DC, for IRS.

Herbert C. Sundby, Portland, OR, for EPA and HUD.

## MEMORANDUM OPINION

POLLY S. HIGDON, Bankruptcy Judge.

The purpose of this opinion is to announce my decision on the defendants Environmental Protection Agency's and Department of Housing and Urban Development's motion to dismiss the plaintiff's amended complaint. The motion is filed under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) which govern bankruptcy proceedings through Bankruptcy Rule 7012.

The plaintiff alleges that in 1977 he entered into a contract to construct a sewage treatment facility for the city of Bonanza, Oregon. He relied on representations of the United States through the Department of Housing and Urban Development (hereinafter HUD) and the Environmental Protection Agency (hereinafter EPA) that it would guarantee payment of the contract. He completely performed his obligations under the contract. He was not paid on the contract nor did the United States honor its guarantee. Because he was not paid on this contract he did not make timely employee withholding payments. The United States, through the Internal Revenue Service, has filed a claim in this bankruptcy for these taxes. He prays that the court allow him to set off against the tax debt the amount the government owes him on the contract guarantee.

### Rule 12(b)(1)

The Environmental Protection Agency and the Department of Housing and Urban Development, allege lack of subject matter jurisdiction on several bases:

█ 1. Failure of plaintiff to meet the requirements of FRCP 8(a) and Bankruptcy Rule 7008(a) in that he has not stated the grounds upon which the court's jurisdiction depends nor stated the name, number and chapter of the related bankruptcy case.

The court notes that it has already provided the plaintiff, over an earlier motion to dismiss filed by the Internal Revenue Service, an opportunity to correct insufficiencies in the complaint. At the time of that hearing the court made it clear that it found the contents of the complaint totally insufficient to clearly set forth a claim valid on its face against each defendant. On his second try the plaintiff still has not met the minimum requirements of federal pleading in that he has, in fact, provided no jurisdictional information. Neither the court nor the defendants are required to guess whether it has subject matter jurisdiction. There is an additional problem which, although not jurisdictional, is related. The plaintiff also has not, as required by Bankruptcy Rule 7008(a), stated whether this matter is core or noncore

and, if the latter, whether he consents to final orders being entered by this court. This is a basis upon which to grant the motion.

2. The defendants EPA and HUD have sovereign immunity from suit which has not been waived.

█ "[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607, 613 (1980) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058, 1061 (1941)). It may waive its immunity, but the waiver must be unequivocally expressed. *Mitchell,* 445 U.S. at 538, 100 S.Ct. at 1351, 63 L.Ed.2d at 613 (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52, 56 (1969)).

█ The plaintiff is a Chapter 13 debtor in bankruptcy court. Therefore, waiver of sovereign immunity must be analyzed within the context of 11 U.S.C. § 106. Each of the three subsections of § 106 addresses a separate circumstance under which sovereign immunity for a "governmental unit" may be waived. The subsection which is implicated under our facts is § 106(b). It states:

§ 106. Waiver of sovereign immunity

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

The Internal Revenue Service, has filed a proof of claim in this estate. As to that agency there is no question but that sovereign immunity has been waived for purposes of determining the allowance of *its* claim. *New York v. Irving Trust Co.,* 288 U.S. 329, 53 S.Ct. 389, 77 L.Ed. 815 (1933); *Gardner v. New Jersey,* 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947). These cases, however, did not address whether, by filing a proof of claim in a bankruptcy estate, the governmental unit waives sovereign immunity for purposes of court decision of any affirmative defense or counterclaim to the proof which

the estate may file. Waiver is created for this purpose by 11 U.S.C. § 106(a) and (b). Clearly, by filing its proof the Internal Revenue Service falls within the parameters of the statutory waiver of either § 106(a) or (b).

 The defendants take the position, however, that the filing of a proof of claim by one agency does not waive the government's sovereign immunity as to its other agencies. It bolsters this argument by drawing the court's attention to 11 U.S.C. § 101(27) which states:

> "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government;

They argue that because the term as defined includes any agency of the United States, the reference in § 106(a) and (b) to "such governmental unit" must refer to the same entity which holds the claim against the estate and this entity is the agency. This court agrees that the use of the phrase "such governmental unit" in both § 106(a) and (b) indicates that for immunity to be found to have been waived the estate's claim must be against the same "governmental unit" that holds a claim against the estate. It does not agree, however, with the defendant's assumption that, as between the smaller "governmental unit" and the larger, encompassing, "governmental unit", § 106(a) or (b) must always refer to the former. There is nothing in the language of these subsections that is so limiting. Such analysis assumes that the claim "belongs" exclusively to the agency. This is an incorrect assumption. The claim is an asset of the United States which can act only through its agency, department or instrumentality.

Its position may arise from a number of cases which have addressed the issue of waiver within the context of § 106(a).[1] That subsection limits waiver of immunity to that "governmental unit" holding a claim which arose out of the same transaction or occurrence out of which the estate's claim arose. Legislative history states that this subsection encompasses those circumstances under which compulsory counterclaims are filed, H.R.Rep. No. 595, 95th Cong., 1st Sess. 317 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 29–30 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5815, 6274, and the Supreme Court has so interpreted it. *U.S. v. Nordic Village,* 503 U.S. 30, 34–36, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992).

In determining the nature of a compulsory counterclaim the Ninth Circuit has applied the "logical relationship" test of Fed.R.Civ.P. 13(a). It has stated that for purposes of § 106(a)

> A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant. *In re Pinkstaff,* 974 F.2d 113, 115 (9th Cir.1992) (quoting *United States v. Bulson* 117 B.R. 537, 541 (9th Cir. BAP 1990), *aff'd by memorandum,* 974 F.2d 1341 (9th Cir.1992)).

Given this definition, it is highly unlikely that an estate's claim under § 106(a) will implicate an agency, department, or instrumentality other than the one asserting the claim against it.[2] Under these circumstances it is logical that the term "governmental unit" be

---

1. *In re Mercy Hospital of Watertown,* 138 B.R. 366 (Bankr.N.D.N.Y.1992); *In re Rocchio and Sons, Inc.,* 165 B.R. 86 (Bankr.D.R.I.1994); *In re Rebel Coal Co., Inc.,* 944 F.2d 320 (6th Cir.1991); *Ashbrook v. Block,* 917 F.2d 918 (6th Cir.1990); *In re Town and Country Home Nursing Services, Inc.,* 112 B.R. 329 (9th Cir. BAP 1990); *In re Prudential Lines, Inc.,* 79 B.R. 167 (Bankr. S.D.N.Y.1987).

2. I disagree with the holding in *In re Cook United,* 117 B.R. 301 (Bankr.N.D.Ohio 1990), that for purposes of § 106(a) the filing of a bankruptcy petition is the "occurrence" which provides grounds for finding waiver of immunity. Of course such an interpretation would greatly increase the possibility that different agencies could be implicated under § 106(a).

recognized as identifying, for purposes of § 106(a), the smaller entity.

Subsection 106(b), the subsection triggered by our facts, does not refer to a claim which "arose out of the same transaction of occurrence".[3] This is understandable because that subsection addresses setoffs. At common law setoffs do not arise out of the same transaction. 20 AM.JUR.2d *Counterclaim, Recoupment, and Setoff* § 10 (1965).[4]

Setoff is recognized and endorsed generally by the Bankruptcy Code through 11 U.S.C. § 553. It has the same elements within the context of bankruptcy law as elsewhere. To be set off, debts must be valid, enforceable and mutual. The concept of mutuality itself contains several elements. One of those elements is that the debts must arise between parties acting in the same capacity.

It is not uncommon for a governmental agency which has filed a proof of claim in bankruptcy to request court approval under 11 U.S.C. § 553(a) of an offset of its claim against the obligation another governmental agency owes the debtor.[5] In opposing court approval of setoff a *debtor* will often assert, as the defendants here have done, that because two different agencies were involved in the transactions the parties were not acting in the same capacity; mutuality is lacking and setoff is unavailable. Courts addressing this issue within the context of § 553 have divided on this question.[6]

**3.** The legislative history of this subsection refers to offsetting "any claim the debtor ... has against the governmental unit ... without regard to whether the estate's claim arose out of the same transaction or occurrence as the government's claim." S.Rep. No. 989, 95th Cong., 2d Sess. 29–30 (1978). The *Nordic* court has denominated this a "permissive counterclaim capped by a setoff limitation." *U.S. v. Nordic Village*, 503 U.S. at 34–36, 112 S.Ct. at 1015.

**4.** The procedural debiting and crediting of obligations arising out of the same transaction is called *recoupment*. 20 AM.JUR.2d *Counterclaim, Recoupment and Setoff* § 11 (1965). The use of the term "setoff" in § 106(b) probably would encompass the defense of recoupment but "setoff" is a different, distinct legal concept.

**5.** Because the application of § 553 is not limited to the government, the term "governmental unit"

This court believes that relevant direction on this issue appears in *Cherry Cotton Mills, Inc. v. United States*, 327 U.S. 536, 66 S.Ct. 729, 90 L.Ed. 835 (1946). In *Cherry* the Supreme Court addressed the jurisdiction of the Court of Claims under 28 U.S.C.A. § 250(2) to hear the setoff claim of the Reconstruction Finance Corporation against the debtor's claim of refund due from the U.S. Treasurer under the Agricultural Adjustment Act. Section 250(2) gave the Court of Claims "jurisdiction to hear and determine 'All set-offs, counterclaims ... or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said court.'" *Cherry*, 327 U.S. at 538, 66 S.Ct. at 729 (quoting 28 U.S.C.A. § 250(2)). In finding jurisdiction the Court stated

> Its purpose was to permit the government, when sued in the Court of Claims, to have determined in a single suit all questions which involved mutual obligations between the government and a claimant against it. Legislation of this kind has long been favored and encouraged because of a belief that it accomplishes among other things such useful purposes as avoidance of 'circuity of action, inconvenience, expense, consumption of the courts' time, and injustice.' *Cherry*, 327 U.S. at 539, 66 S.Ct. at 730 (citing *Chicago & N.W. Railway v. Lindell*, 281 U.S. 14, 17, 50 S.Ct. 200, 201, 74 L.Ed. 670 (1930)).

does not appear there. Rather, § 553(a) refers to offsets against a claim of "such creditor." This does not affect the court's analysis, however, because, for purposes of bankruptcy, "creditor" is defined as "entity." 11 U.S.C. § 101(10). "Entity" includes "governmental unit." 11 U.S.C. § 101(15).

**6.** *United States ex rel. Small Business Admin. v. Rinehart*, 88 B.R. 1014 (D.S.D.1988), *aff'd in part, rev'd in part* 887 F.2d 165 (8th Cir.1989); *In re Britton*, 83 B.R. 914 (Bankr.E.D.N.C.1988); *In re Sound Emporium, Inc.*, 48 B.R. 1 (Bankr. W.D.Tex.1984), *aff'd* 70 B.R. 22 (W.D.Tex.1987); *Matter of Butz*, 154 B.R. 541 (S.D.Iowa 1989); *In re Thomas*, 84 B.R. 438 (Bankr.N.D.Tex.1988); *In re Mohar*, 140 B.R. 273 (Bankr.D.Mont.1992) (mutuality exits); *In re Ionosphere Clubs, Inc.*, 164 B.R. 839 (Bankr.S.D.N.Y.1994); *Illinois v. Lakeside Community Hosp., Inc.*, 151 B.R. 887 (N.D.Ill.1993); *In re Hancock*, 137 B.R. 835 (Bankr.N.D.Okla.1992); *In re Pyramid Industries*,

The *Ionosphere, Lakeside* and *Pyramid* courts place great emphasis on the fact that *Cherry* was not a bankruptcy case. This court does not believe that to be an important difference. The Court's quoted rationale for upholding the jurisdiction of the Court of Claims is also pertinent to the Bankruptcy Court. It lies at the heart of the purpose for the law's recognition of the concept of setoff in the first instance. "Setoff is based on 'the common sense view that a man should not be compelled to pay one moment what he will be entitled to recover back the next'". *In re Hancock,* 137 B.R. 835, 839 (Bankr.N.D.Okla.1992) (quoting William H. Loyd, *The Development of Setoff,* 64 U.Penn. L.Rev. 541 (April 1916)).

The *Ionosphere* court also distinguishes *Cherry* because there the government "sought neither immunity nor priority." *Ionosphere,* 164 B.R. at 842 (citing *Cherry,* 327 U.S. at 540, 66 S.Ct. at 712). That quotation should be read within the context in which it was raised. In *Cherry* the government was *seeking* offset under the statute being examined. It had no reason to raise the issue of immunity.

■ Further, although the issue of priority of payment, likely to appear in bankruptcy, as was recognized in *Ionosphere,* was not before the *Cherry* court, this is not an issue which should be raised within the context of determining the court's *jurisdiction* or of determining the existence of mutuality and capacity as necessary elements of setoff. The creditor's position in relation to other creditors, an issue of priority, is not relevant to whether the creditor was acting in the same capacity as to the debtor.

■ This is not to say that the bankruptcy court should not carefully examine issues of priority when addressing a creditor's request to set off. Within the context of bankruptcy, setoff is not a right of the parties, it is a power of the court; it will allow setoff in its discretion and only when found equitable.[7] This is because a bankruptcy case, unlike nonbankruptcy cases, al-

most always implicates the rights of interested parties in addition to those of the debtor.

In support of its holding under § 553(a) finding lack of mutuality due to the presence in court of different agencies the *Pyramid* court cites the "pervasive nature of government involvement in business and ... the violence done to the equality principle by permitting a right of setoff...." *Pyramid,* 170 B.R. at 983. Within the context of the alleged facts before me under § 106(b), solely because of the alleged pervasive involvement of government in a debtor's business it may be inequitable *not* to find mutuality exists. Further, to the extent that the creditor would receive distribution from the estate on its allowed claim without setoff of any timely claims held by the debtor, the debtor's other creditors might receive less from the estate.

■ Finally, immunity is granted to the sovereign. Here the sovereign is the United States. Absent its standing as a representative of the United States the federal agency has no immunity. Given these conclusions the court holds that under our facts the "governmental unit" referred to in § 106(b) is the United States. When the United States, through the Internal Revenue Service, filed its proof of claim in this case, it waived its immunity as to all its agencies.

■ 3. In requesting that the amended complaint be dismissed as to it the EPA cites *Blackmar v. Guerre,* 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952) to support its assertion that this agency is not properly before the court because the plaintiff has not demonstrated that it has the capacity to sue and be sued. *Blackmar* holds that unless Congress has either constituted a federal agency as a body corporate or authorized it to be sued *eo nomine,* it cannot be sued. When Congress authorizes one of its agencies to be sued *eo nomine* "it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity." *Id.* at 515, 72 S.Ct. at 412.

---

*Inc.,* 170 B.R. 974 (Bankr.N.D.Ill.1994) (mutuality does not exist).

7. For an excellent historical exegesis on setoff see *In re Hancock,* 137 B.R. 835 (Bankr. N.D.Okla.1992).

The Bankruptcy Appellate Panel has ruled that even an entity that qualifies as a 'governmental unit' under § 101(27) cannot be sued in bankruptcy court unless that governmental unit has independent statutory authority to sue and be sued. *In re Town and Country Home Nursing Services, Inc.,* 112 B.R. 329, 335 (9th Cir. BAP 1990).

The defendant does not assert affirmatively that the EPA lacks authority to sue or be sued. It need not do so. It is incumbent, rather, on the plaintiff to demonstrate to the court's satisfaction that a named agency may be sued in this court. This should be part of the jurisdictional pleading which the plaintiff has ignored.

 As to the agency HUD, that defendant claims that Congress has granted a limited waiver of sovereign immunity under several nonbankruptcy statutes. It points out that the plaintiff has not stated upon which statute he is relying for waiver. However, because waiver is available under § 106(b), the plaintiff need not show waiver under any nonbankruptcy statute.

4. 28 U.S.C. § 2401(a) bars the plaintiff's claim. He is claiming contract damages in the amount of $75,000 under an alleged contract entered into in 1977. This suit is well beyond the § 2401(a) six year bar.

In his reply to the motion, the plaintiff concedes that he would be barred by § 2401(a) if attempting to bring a claim for contract damages in the U.S. Court of Federal Claims (formerly Court of Claims). However, he is not suing for contract damages. He is merely raising against the government's claim for taxes, the defense of setoff. The court disagrees. Setoff is in the nature of an affirmative action as it arises out of a transaction or occurrence separate from that out of which the plaintiff's claim arose. It is subject to any applicable statute of limitations.[8] In this regard setoff is distinguished from recoupment which is in the nature of a defense merely and is not barred by a statute of limitations so long as the plaintiff's action is timely.

---

8. 20 AM.JUR.2d *Counterclaim, Recoupment and Setoff* § 55 (1965); *Smith v. American Financial Systems, Inc.,* 737 F.2d 1549, 1552 (11th Cir.

Because the plaintiff's affirmative defense alleging contract amounts due him by the government is barred by the applicable statute of limitations the motion to dismiss will be granted on that basis. Consequently, it is unnecessary to address the motion under Rule 12(b)(6). Further, as it now appears the debtor's Chapter 13 plan is not feasible, the Chapter 13 case will be dismissed.

This Memorandum Opinion contains the court's findings of fact and conclusions of law and pursuant to Bankruptcy Rule 9014, which incorporates Bankruptcy Rule 7052, they will not be separately stated. An order consistent herewith will be entered.

1984); *Woolaghan v. United Mortgage Services, Inc.,* 140 B.R. 377, 383 (Bankr.W.D.Pa.1992).