**Helen M. REED, et al., Plaintiffs,**

v.

**David B. MARKER, et al., Defendants.**

**Civ. A. No. 90–171J.**

United States District Court, W.D. Pennsylvania.

Oct. 25, 1990.

Kim R. Gibson, Somerset, Pa., for plaintiffs.

Gloria A. Tischuk, Deputy Atty. Gen., Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

Plaintiffs filed a civil rights complaint alleging that on September 8, 1988, a search warrant was executed by defendant David B. Marker, a Pennsylvania State Police trooper, and by other unknown law enforcement officers, some of whom were members of the state police. The warrant erroneously described the plaintiff's residence in Shade Township, Somerset County, rather than the premises intended to be searched. As a consequence, approximately six to nine armed law enforcement officers broke down the door of the house at 1:15 A.M., and proceeded to search the plaintiff's residence for controlled substances for approximately one hour. Not until an hour after the officers had left did defendant Marker call to explain that they had searched the wrong residence. When the officers broke through the door, plaintiff Reed allegedly was struck by the door and knocked unconscious; the other plaintiffs suffered from shock, fright, and embarrassment as pajama-clad, they witnessed the armed officers going through their house.

The Commonwealth of Pennsylvania and David B. Marker in his official capacity have filed a Motion to Dismiss asserting that the Eleventh Amendment bars plaintiffs from bringing a complaint for monetary damages against them in federal court, and that in any case they are not within the definition of "persons" who can be sued under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). No reason why this complaint should be excepted from the Eleventh Amendment has been advanced by plaintiffs. The motion to dismiss of defendants,

Commonwealth of Pennsylvania and David B. Marker, in his official capacity, is granted.

It is unclear from plaintiffs' Complaint whether they intend to allege claims against Trooper Marker in his individual capacity. Plaintiffs shall, if they desire to allege claims against Trooper Marker, file their amended complaint on or before November 16, 1990.