Robert R. DURHAM, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

No. Civ. 3:CV–97–1480.

United States District Court, M.D. Pennsylvania.

April 24, 1998.

Bruce Martin Ginsburg, Philadelphia, PA, for plaintiff.

James P. Kearney, Senior Deputy Atty. Gen, Scranton, PA, for Commonwealth.

## MEMORANDUM AND ORDER

NEALON, District Judge.

This action, was originally filed in the United States District Court for the Eastern District of Pennsylvania alleging claims brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, as well as pendent state negligence and intentional tort claims. On May 15, 1997, while the case was still pending in the Eastern District, the Commonwealth of Pennsylvania filed a Motion to Dismiss the Plaintiff's Complaint, together with a brief in support of the motion, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed their brief in opposition on May 28, 1997, to which the Commonwealth replied on June 4, 1997. On September 29, 1997, the. case was transferred to United States District Court for the Middle District of Pennsylvania. The Motion is now ripe for determination and for the following reasons, the Motion will be granted in part and denied in part.

## BACKGROUND

Plaintiffs Robert R. Durham, Linda Durham, Rianna Durham and Robert W. Durham, Jr., all of whom are New Jersey residents, have brought this action against numerous defendants,[1] alleging claims under the Federal Tort Claims Act, as well as pendent state negligence and intentional tort claims. Plaintiffs were passengers in a car owned and driven by Robert R. Durham in Middle Smithfield Township, Pennsylvania on the morning of April 6, 1996. The Durhams were traveling north on Route 209 while, at the same time, Defendant Edward Foy, traveling southbound on Route 209, was being pursued by Defendants Officer Raymond Tonkin, Officer Michael Williams, Colonel Joe Ogg, and Officer Victor Ortalano in a high speed chase. Because Foy was driving southbound in the northbound lane of Route 209, Robert Durham had to swerve his car off the road in order to avoid a collision. Upon re-entering Route 209, the Durham car was struck by the car of Officer Ortalano who was involved in the pursuit of Foy and was also traveling southbound in the northbound lane.

Plaintiffs filed this action alleging that due to the negligence of the defendants in pursuing Foy, Plaintiff Linda Durham, who was pregnant at the time of the accident, gave birth to Plaintiff Robert W. Durham, Jr., three and one-half months premature. As a result of the accident, plaintiffs allege that each of them has required constant supervision from medical personnel which will continue into the future. As previously mentioned, the Commonwealth of Pennsylvania filed this Motion to Dismiss, on behalf of itself and its agencies the Department of

---

1. Plaintiffs have named the following defendants: the United States of America, the United States Department of the Treasury, and the Department of the Interior; the Commonwealth of Pennsylvania Department of Transportation, Department of General Services, and the Department of General Services; the Commonwealth of Pennsylvania State Police Department; the Commonwealth of Pennsylvania State Police Department—Swiftwater Barracks; Pennsylvania State Police Officer Victor Ortalano; the National Park Services and National Park Services Officer Michael Williams; Milford Borough Police Department and Milford Police Officer Raymond Tonkin; Stroudsburg Police Department; Blooming Grove Township and Police Colonel Joe Ogg; Fernwood Resort; Edward Foy; John Doe; Mary Doe; ABC Partnerships and XYZ Corporations.

Transportation, the Department of General Services, and the State Police Department, including the State Police Department's Swiftwater Barracks and Officer Victor Ortalano (Commonwealth Defendants).

In support of the Motion, the Commonwealth Defendants maintain that pursuant to the Eleventh Amendment to the United States Constitution, neither the Commonwealth nor its agencies may be sued without consent. Moreover, the Commonwealth Defendants contend that insofar as this case does not involve a federal question, the Commonwealth is not a citizen for purposes of diversity jurisdiction. The plaintiffs, in opposing the Motion, conceded that the Department of Transportation and the State Police Department are not proper parties to this action as they are immune from suit under the eleventh Amendment. Plaintiffs insist, however, that the Department of General Services, the State Police Department Swiftwater Barracks, and Officer Victor Ortalano, in his individual capacity, are all proper defendants and are not entitled to Eleventh Amendment immunity. In its reply the Commonwealth asserts that the Department of General Services is a public state agency entitled to Eleventh Amendment immunity and that the Swiftwater Barracks is not an entity independent of the State Police Department. Furthermore, the Commonwealth argues that Officer Ortalano is a "Commonwealth party" and that he is also entitled to Eleventh Amendment immunity whether sued in his official or individual capacities because the Commonwealth has elected to indemnify him pursuant to 42 PA.CONS.STAT. ANN. § 8525 and 4 PA.CODE § 39.2.

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed if the complaint fails to state a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the Court must view all allegations made in the complaint as true and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Sturm v. Clark,* 835 F.2d 1009, 1011 (3d Cir.1987). Furthermore, " 'a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The Eleventh Amendment to the United States Constitution provides states with sovereign immunity, precluding plaintiffs from bringing suit against states or state agencies in federal Court. *See Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Christy v. Pennsylvania Turnpike Commission,* 54 F.3d 1140 (3d Cir.), *cert. denied,* 516 U.S. 932, 116 S.Ct. 340, 133 L.Ed.2d 238 (1995). The only exceptions to this principle is where the state has consented to the lawsuit and waived its immunity or where Congress has abrogated the state's immunity. *Pennhurst,* 465 U.S. at 99, 104 S.Ct. 900. A state agency is not entitled to Eleventh Amendment sovereign immunity if the agency's powers are distinct and separate from those of the state. *Christy,* 54 F.3d at 1148–49. If the agency functions as an "arm" of the state, however, it is not an independent entity and, therefore, is entitled to Eleventh Amendment sovereign immunity. *Id.*

### 1. Commonwealth of Pennsylvania, Department of General Services

The Commonwealth Defendants have raised the defense of sovereign immunity as to the Department of General Services (DGS). Plaintiffs contend that DGS is not entitled to Eleventh Amendment sovereign immunity because it is unclear if DGS is a public agency whose powers are distinct and separate from those of the state or if DGS is merely an "arm" of the state. Contrary to plaintiffs' assertions questioning the status of the Department, DGS, which performs the executive and administrative work of the Commonwealth of Pennsylvania, is entitled to sovereign immunity unless it has waived that immunity or abrogated it. *See William*

*Ross, Inc. v. Biehn Construction, Inc.* 199 B.R. 551, 553 (Bankr.W.D.Pa.1996) (holding that the Department of General Service was entitled to Eleventh Amendment sovereign immunity and that immunity was not abrogated by the Bankruptcy Code). In the instant case, DGS has not consented to this suit or waived its immunity, nor has its immunity been expressly abrogated by either the Pennsylvania Legislature or Congress. Accordingly, DGS is immune from suit pursuant to the Eleventh Amendment, and, therefore, will be dismissed from this action.

### 2. State Police Department, Swiftwater Barracks

■ The Commonwealth Defendants have also asserted that the State Police Department, Swiftwater Barracks is also not a proper defendant to this action as it is part of the State Police Department and entitled to Eleventh Amendment immunity. In opposing this Motion, it has been argued by the plaintiffs that although the State Police Department is entitled to Eleventh Amendment immunity in this action, the Department's Swiftwater Barracks, as an individual barracks, is a proper defendant liable for the actions of its agent Officer Victor Ortalano. However, the Swiftwater barracks is not an entity separate and distinct from the State Police Department as it is a branch of the State Police Department. Therefore, because the Swiftwater Barracks and the State Police Department are one and the same, and because the State Police Department is entitled to sovereign immunity, the Swiftwater barracks is not a proper defendant and will be dismissed from this action.

### 3. State Police Officer Victor Ortalano

■ The Commonwealth has also asserted that the Eleventh Amendment bars this action against Officer Victor Ortalano in both his official and individual capacities. In support of their position, the Commonwealth contends that, pursuant to 42 PA.CONS.STAT. ANN. § 8501, Officer Ortalano is a "Commonwealth party" and that a defense will be provided for him pursuant to 42 PA.CONS. STAT.ANN. § 8525. According to the defendants, the Commonwealth's provision of a defense for Ortalano would entitle him to sovereign immunity from claims brought against him in both his official and individual capacities. Plaintiffs have only argued against dismissal of Officer Ortalano in his individual capacity. In support of this contention, they maintain that Officer Ortalano, named in his individual capacity, is a proper defendant because a judgment against him in his individual capacity would not be paid with state monies, but rather out of his personal assets. Plaintiffs further contend that the Commonwealth's decision to indemnify Officer Ortalano in this action does not automatically convert this into an action against the state which would then invoke the protection of the Eleventh Amendment.

Insofar as Officer Ortalano has been named as a defendant acting in his official capacity, the action is considered to be one against the Commonwealth, and, thus entitling him to Eleventh Amendment sovereign immunity. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Reed v. Marker,* 762 F.Supp. 651, 652 (W.D.Pa.1990). However, Officer Ortalano has also been named as a defendant acting in his individual capacity and plaintiff's argue that the Eleventh Amendment does not bestow immunity upon him in his individual capacity, nor does the Commonwealth's decision to defend him invoke that immunity.

Although the United States Court of Appeals for the Third Circuit has not addressed this topic, "the law [in other jurisdictions] is clear that a state's voluntary decision to indemnify its public servants does not transform a personal-capacity action against a state official into an official-capacity action against the state." *Farid v. Smith,* 850 F.2d 917, 923 (2d Cir.1988) (citing *Duckworth v. Franzen,* 780 F.2d 645, 650 (7th Cir.1985); *Wilson v. Beebe,* 770 F.2d 578, 588 (6th Cir. 1985); *Schiff v. Kerrigan,* 625 F.Supp. 704, 707 n. 7 (D.Conn.1986); *Group Health Inc. v. Blue Cross Assoc.,* 625 F.Supp. 69, 76 (S.D.N.Y.1985)). The underlying rationale in this line of cases is, as stated in *Wilson v. Beebe,* that:

> [t]here would be no question of who would be liable for a judgment in this case except for the State's voluntary decision to indem-

nify [the officer]; only [the officer] would be liable.... [The officer] is not entitled to the protection of the Eleventh Amendment, which embodies a grant of immunity to the states in recognition of the requirements of federalism, and the State cannot clothe him with this immunity by voluntarily agreeing to pay any judgment rendered against him.

*Wilson v. Beebe,* 770 F.2d 578, 588. Consequently, regardless of the state's decision to indemnify the individual defendant, the action remains a personal-capacity suit for which the individual is not entitled to Eleventh Amendment immunity as he is the real party in interest. *See Graham,* 473 U.S. at 167, 105 S.Ct. 3099. Accordingly, Officer Ortalano is not immune from suit in his individual capacity and the Motion to Dismiss will be denied to the extent it argues for dismissal of the action against him in that capacity. An appropriate Order shall follow.

### ORDER

NOW, this 24th day of April, 1998, in accordance with the Memorandum this day filed, IT IS HEREBY ORDERED THAT:

(1) The Motion to Dismiss (E.D.Pa. Docket # 2) filed on behalf of Defendants Commonwealth of Pennsylvania; Commonwealth of Pennsylvania, Department of Transportation; Commonwealth of Pennsylvania, State Police Department; Commonwealth of Pennsylvania, Department of General Services; Commonwealth of Pennsylvania, State Police Department Swiftwater Barracks; and State Police Officer Victor Ortalano, in his official capacity, is GRANTED; and

(2) The Motion to Dismiss the action against State Police Officer Victor Ortalano, in his individual capacity is DENIED.